■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ROBERT COICO, Appellant.—Appeal by the defendant from a judgment of the County Court, Nassau County (Winick, J.), rendered April 5, 1987, convicting him of robbery in the first degree (two counts), upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant was convicted of charges stemming from a residential robbery that he was alleged to have committed with an accomplice on November 2, 1985. On this appeal he claims that the evidence against him was legally insufficient

inasmuch as the complainants identified him as one of the perpetrators even though they testified that the perpetrators wore masks which partially obscured their faces during the commission of the crime. Viewing the evidence in the light most favorable to the prosecution *(see, People v Contes,* 60 NY2d 620, 621), we find that it was legally sufficient to support the conviction. The People adduced evidence that the three complainants observed several of the defendant's facial features for between 20 and 45 minutes, from a distance of approximately four feet in a well-lighted room. It appears further that the mask worn by the defendant had the eyes cut out above the brow and to the cheekbones and a full mouth from the lips to the chin, and that the defendant's eyes, bushy eyebrows, and his full lips were visible through the mask. Each complainant subsequently identified the defendant in a lineup in which the participants were seated and covered with a sheet that revealed only their faces. Given the facts of this case, a rational trier of fact could have found that the People had proved the defendant's identity as one of the perpetrators beyond a reasonable doubt.

The defendant further contends that inconsistencies in the complainants' accounts of the incident rendered their testimony incredible. This claim is without merit. Resolution of issues of credibility, as well as the weight to be accorded to the evidence presented, are primarily questions to be determined by the jury, which saw and heard the witnesses *(see, People v Gaimari,* 176 NY 84, 94). Its determination should be accorded great weight on appeal and should not be disturbed unless clearly unsupported by the record *(see, People v Garafolo,* 44 AD2d 86, 88). In this case, the complainants' testimony was highly persuasive and did not differ significantly with respect to the crucial elements of the crime; hence, we discern no basis for disturbing the jury's resolution of the credibility issue.

Similarly unavailing is the defendant's claim that the prosecutor committed reversible error in his opening remarks by referring to a statement made by the defendant which previously had been suppressed. The defendant waived any claim of prejudice with respect to this issue by withdrawing his motion for a mistrial and by failing to request a curative instruction from the trial court. In any event, the record reveals that the trial court promptly sustained the defendant's objection to the prosecutor's remark and no portion of the contents of the suppressed statement was ever revealed to the jury. Under

these circumstances, it cannot be said that the defendant suffered any prejudice as a result of the prosecutor's remark.

We have considered the defendant's remaining contentions and find them to be without merit. Brown, J. P., Kunzeman, Sullivan and Balletta, JJ., concur.