■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v WINSTON DURANT, Also Known as LEONARDO WILLIAMS, Appellant.—Appeal by the defendant from three judgments of the Supreme Court, Queens County (Calabretta, J.), all rendered October 24, 1989, convicting him of criminal possession of a weapon in the third degree under Indictment No. 5959/87, attempted criminal sale of a controlled substance in the third degree under Indictment No. 10393/88, and attempted criminal sale of a controlled substance in the third degree under Indictment No. 12454/89, upon his pleas of guilty, and imposing sentences. The appeal from the judgment rendered under Indictment No. 5959/87 brings up for review the denial (Berkowitz, J.), after a hearing, of that branch of the defendant's omnibus motion which was to suppress physical evidence.

Ordered that the judgment rendered under Indictment No. 5959/87 is reversed, on the law and the facts, that branch of the defendant's omnibus motion which was to suppress physical evidence is granted, the indictment is dismissed, and the matter is remitted to the Supreme Court, Queens County, for the purpose of entering an order in its discretion pursuant to CPL 160.50; and it is further,

Ordered that the judgments of conviction rendered under Indictment Nos. 10393/88 and 12454/89, are affirmed.

The evidence adduced at the suppression hearing, which was derived solely from the testimony of Police Officer Marilyn Ockovic, established that on September 4, 1987, at approximately 10:45 P.M., Police Officer Ockovic and her partner arrived at a particular location in Queens in response to a radio transmission which indicated "a dispute and an assault with a gun". Upon arriving at the scene, Police Officer Ockovic met Donald Williams, who was bleeding from the head. Williams told Police Officer Ockovic that Karl Crawford, a mechanic who had been working on Williams's car, struck him on the head with a gun. According to Williams, Crawford could be found a few blocks away, at 219-16 139th Avenue. Police Officer Ockovic and her partner drove Williams to that location, where they encountered four men standing outside. As the officers exited their car, the men began to run, one into the house and the others into the street. As they ran, Williams shouted that the man who hit him had run into the house. The officers, guns drawn, proceeded to stop the other three men, one of whom was the defendant, and ordered them

to assume a prone position against the patrol car. Police Officer Ockovic asked Williams who had the gun, and Williams responded that he did not now know, but that the man who had run into the house had the gun when he was assaulted. The police frisked the three men and recovered a gun from the defendant.

Based upon the evidence adduced at the hearing, we conclude that the hearing court erred in denying suppression of the gun. In order to justify the stop and frisk of the defendant by the police, the officers must have been possessed of a reasonable suspicion to believe that the defendant was committing, had committed, or was about to commit a crime *(see, People v Cantor,* 36 NY2d 106; CPL 140.50 [1]). Here, the officers had no such reasonable suspicion. In fact, the only information they had with respect to the defendant was that he was in the company of a man who had recently committed an assault with a gun. While this information may have been sufficient to justify inquiry by the officers, it was clearly insufficient to justify a gunpoint stop and frisk of the defendant. "Simply because the defendant was standing alongside a man who was alleged to possess a gun did not provide a reasonable basis to suspect that the defendant committed or was about to commit a crime" *(People v Trapier,* 47 AD2d 481, 483; *see, Matter of Tejada v Christian,* 71 AD2d 527, 530). Moreover, there was absolutely nothing to indicate that anyone other than the man who ran into the house was the one involved in the assault, or that the perpetrator had given the gun to anyone *(cf., People v Boyd,* 78 AD2d 225). In view of the foregoing, that branch of the defendant's omnibus motion which was to suppress the gun is granted, and the indictment charging him with possession thereof is dismissed.

The consecutive sentences imposed under Indictment Nos. 10393/88 and 12454/89 are not unduly harsh or excessive *(see, People v Suitte,* 90 AD2d 80). Lawrence, J. P., Eiber, Balletta and Rosenblatt, JJ., concur.