■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v KEVIN TERRELL, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Queens County (Berkowitz, J.), rendered March 12, 1990, convicting him of robbery in the first degree, and robbery in the second degree, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing, of that branch of the defendant's omnibus motion which was to suppress physical evidence of the gun and the neck chain.

Ordered that the judgment is reversed, on the law and the facts, the first count of the indictment charging the defendant with robbery in the first degree is dismissed, that branch of the defendant's omnibus motion which was to suppress physical evidence of the gun and the neck chain taken from his person is granted, and a new trial is ordered as to the remaining count of the indictment charging the defendant with robbery in the second degree. The facts have been considered and are determined to have been established.

Two Nassau County police officers went to an Alexander's Department Store in Valley Stream, New York in response to a call from an employee who had been the victim of an unrelated gunpoint robbery committed in Queens County. The employee told the police officers that she had just observed the man whom she believed had previously robbed her in Queens. The complainant directed the police to the suspected robber who was standing together with the defendant. The officers placed both men against a column and frisked them. The defendant was wearing a bulky sweater and the officer who was patting him down could not feel anything. She therefore lifted his sweater to check his waistband, at which time she saw a gun and arrested him for possession of a loaded firearm. The defendant and his companion were subsequently connected to another armed robbery in Queens which gave rise to the instant indictment.

At the suppression hearing the officer stated that she frisked the defendant because she feared for her own safety and for the safety of the other people in the store. However, there is nothing in the record indicating that at the time of the frisk the defendant's involvement in the instant matter was known to her. Rather, her testimony revealed that her fear had been predicated solely on an assumption that because the defendant was in the company of a robbery suspect who could be armed, he too might have a weapon. She admitted that the defendant himself had done nothing to indicate that he was committing a crime and that the fear that he was armed had not been based on anything he had done or said. The defendant unsuccessfully moved to suppress the gun and a neckchain also seized from his person. A photograph of the gun, which had been destroyed by the Nassau County Police Department sometime prior to trial, was admitted into evidence over the defendant's objections. At trial the complainant identified the neckchain as the one taken from him during the robbery.

CPL 140.50 (1) authorizes a police officer to stop and question a person "when he reasonably suspects that such person is committing, has committed or is about to commit either * * * a felony or * * * a misdemeanor". Additionally, CPL 140.50 (3) authorizes a search of that person for a deadly weapon when the officer "reasonably suspects that he is in danger of physical injury". However, more than a vague or unparticularized hunch is required to give rise to a reasonable suspicion (see, Terry v Ohio, 392 US 1; People v Cantor, 36 NY2d 106, 112-113). Further, a person may not be stopped and

frisked solely because he or she is in the company of an individual the police reasonably suspect *(see, Ybarra v Illinois,* 444 US 85, 91; *People v Russ,* 61 NY2d 693; *People v Sanchez,* 38 NY2d 72; *People v Ballejo,* 114 AD2d 902, 904; *People v Trapier,* 47 AD2d 481).

In the present case the frisk of the defendant and the resultant seizure of the gun and neckchain were improper. It is clear that the defendant was frisked based solely on the fact that he was with his codefendant at the time the latter was placed under arrest for an unrelated robbery. The People's theory that the frisk was proper because the defendant was within the grabable reach of the codefendant is without merit. We also find that there is a reasonable possibility that the admission of the tainted evidence influenced the jury's verdict. Consequently, it cannot be said that these errors were harmless beyond a reasonable doubt, and the defendant is entitled to a new trial on the charge of robbery in the second degree *(see, People v Simmons,* 75 NY2d 738, 739).

As to the charge of robbery in the first degree, we conclude that the destruction of the gun by the police prior to trial improperly foreclosed the defendant from asserting the affirmative defense that the gun was inoperable *(see, People v Samuels,* 185 AD2d 903 [decided herewith]). Thus, the defendant was prejudiced by the destruction of the gun and is entitled to an appropriate remedy *(see, People v Kelly,* 62 NY2d 516; *People v Saddy,* 84 AD2d 175). Under these facts we hold the appropriate remedy to be the dismissal of the first count of the indictment charging the defendant with robbery in the first degree.

The defendant contends that he is entitled to reversal of judgments imposed under Queens County Indictment Nos. 315/89, 399/89, and 400/89, upon his pleas of guilty, which pleas were allegedly given in return for a promise that the sentences imposed thereon would run concurrently with the sentence imposed upon the judgment of conviction which is the subject of the instant appeal *(see, People v Clark,* 45 NY2d 432). The defendant did not take appeals from the judgments rendered under those indictments and, therefore, this court is without jurisdiction to act concerning them (NY Const, art VI, § 5; CPL 470.20).

We have considered the defendant's remaining contentions and find them to be without merit. Bracken, J. P., O'Brien, Ritter and Copertino, JJ., concur.