■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ANDRE MARTINEZ, Also Known as JUAN RAMON MARTINEZ, Appellant. [594 NYS2d 292] —Appeal by the defendant from a judgment of the Supreme Court, Kings County (Firetog, J.), rendered January 7, 1991, convicting him of criminal possession of a controlled substance in the fourth degree and criminal possession of a weapon in the third degree, upon his plea of guilty, and imposing sentence. The appeal brings up for review the denial, after a hearing (Starkey, J.), of that branch of the defendant's omnibus motion which was to suppress physical evidence.

Ordered that the judgment is reversed, on the law and the facts, that branch of the defendant's omnibus motion which was to suppress physical evidence is granted, the indictment is dismissed, and the matter is remitted to the Supreme Court, Kings County, for the purpose of entering an order in its discretion pursuant to CPL 160.50.

On March 5, 1990, Detective Albert Cipolli was participating in a "buy and bust" operation in Brooklyn when he received a radio transmission informing him that two men

suspected of selling narcotics had been seen entering a store on the corner of Cornelia and Knickerbocker Avenues. Detective Cipolli went to that location, and observed the defendant engaged in conversation with two men who matched the description of the suspected drug sellers. As Detective Cipolli approached the three men, the defendant "tried to walk very quickly away" from the two suspects. Cipolli responded by grabbing the defendant and ordering him to put his hands on a police vehicle. Although the defendant complied, he attempted to move away "from the car with his feet". Detective Cipolli then patted down the defendant and felt the butt of a gun in his waistband. The detective removed the gun and placed the defendant under arrest. At the station house, two clear plastic bags of cocaine were recovered from his jacket.

At the suppression hearing, Detective Cipolli explained that he suspected that the defendant was "somehow involved" with the two alleged drug sellers because he was engaged in conversation with them when Cipolli arrived at the corner of Cornelia and Knickerbocker Avenues. He further testified that he stopped the defendant because he was concerned that if he allowed the defendant to walk past him, his back would be to the defendant and he would not be able to "secure anybody". The Supreme Court denied suppression, concluding that the detective had properly stopped and detained the defendant because he justifiably feared that the defendant might use a deadly weapon during the course of the arrest of the two suspected drug sellers. We disagree.

CPL 140.50 (1) authorizes a police officer to stop and question a person when he "reasonably suspects that such person is committing, has committed or is about to commit" a crime *(see, People v Cantor,* 36 NY2d 106). The statute further permits a police officer to search an individual for a deadly weapon when the officer "reasonably suspects that he is in danger of physical injury" (CPL 140.50 [3]). However, "a person may not be stopped and frisked solely because he or she is in the company of an individual the police reasonably suspect" *(People v Terrell,* 185 AD2d 906, 907-908, citing *Ybarra v Illinois,* 444 US 85, 91; *People v Russ,* 61 NY2d 693; *People v Sanchez,* 38 NY2d 72; *People v Ballejo,* 114 AD2d 902, 904; *People v Trapier,* 47 AD2d 481).

Applying these principles to the instant case, we find that the stop and frisk of the defendant and the resultant seizure of the gun and cocaine were improper. It is clear that the detective stopped the defendant solely because he was engaged in conversation with the two alleged drug sellers, which led

the detective to suspect that he was "somehow involved" with them. However, this vague hunch that the defendant was somehow involved with the suspects did not provide the detective with reasonable suspicion to stop, detain, and frisk him *(see, Terry v Ohio,* 392 US 1; *People v Terrell, supra; People v Durant,* 175 AD2d 176; *People v Ballejo, supra).* Moreover, under the circumstances of this case, we cannot conclude that the stop of the defendant, who was attempting to walk quickly away from the street corner where his arrest took place, was necessary in order to ensure the detective's safety *(cf., People v Burgos,* 175 AD2d 211, 212). Accordingly, that branch of the defendant's omnibus motion which was to suppress physical evidence is granted, and the indictment is dismissed. Lawrence, J. P., Eiber, Miller and Pizzuto, JJ., concur.