■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v GLENN COLEMAN, Appellant. [621 NYS2d 244] —Judgment unanimously reversed on the law and new trial granted. Memorandum: County Court erred in denying defendant his constitutional right to represent himself without conducting a thorough inquiry to determine whether there was a knowing and intelligent waiver of the right to counsel *(see,* US Const 6th, 14th Amends; NY Const, art I, § 6; *Faretta v California,* 422 US 806, 835-836; *People v McIntyre,* 36 NY2d 10, 14-15). When the right to proceed *pro se* is timely interposed, the court should conduct a "thorough inquiry" to determine whether the waiver is made intelligently and voluntarily *(People v Smith,* 68 NY2d 737, 738, *cert denied* 479 US 953, citing *People v McIntyre, supra,* at 17). Although the court perceived defendant's legal skills to be lacking and therefore denied the motion for the defendant's own protection, lack of knowledge of legal principles and rules of law is not a proper ground *(see, People v Ryan,* 82 NY2d 497, 507-508).

The court also erred in permitting the jury to have access to a dictionary during deliberations. Although defendant and his attorney consented to the jury's request for a dictionary, the law circumscribes what may properly be furnished to a deliberating jury (see, CPL 310.20 [1]; *People v Moore,* 71 NY2d 684, 689; *People v Sanders,* 70 NY2d 837; *People v Brooks,* 70 NY2d 896; *People v Owens,* 69 NY2d 585). The danger and prejudice inherent in allowing a jury access to a dictionary is obvious.

By failing to challenge the adequacy of the indictment, defendant failed to preserve that issue for review (see, *People v Page,* 166 AD2d 886, 887, *lv denied* 77 NY2d 842).

We have reviewed defendant's remaining contentions and conclude that they are without merit. (Appeal from Judgment of Niagara County Court, Hannigan, J.—Sexual Abuse, 1st Degree.) Present—Denman, P. J., Green, Balio, Callahan and Boehm, JJ.