■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v EUGENE SIMMS, Also Known as EUGENE ANDERSON, Appellant. [636 NYS2d 631] —Appeal by the defendant from a judgment of the Supreme Court, Kings County (Patterson, J.), rendered September 26, 1994, convicting him of criminal sale of a controlled substance in the third degree, criminal possession of a controlled substance in the third degree (two counts), and criminal possession of a controlled substance in the seventh degree (two counts), upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

Resolution of issues of credibility, as well as the weight to be accorded to the evidence presented, are primarily questions to be determined by the jury, which saw and heard the witness (*see, People v Gaimari,* 176 NY 84, 94). Its determination should be accorded great weight on appeal and should not be disturbed unless clearly unsupported by the record (*see, People v Garafolo,* 44 AD2d 86, 88). Upon the exercise of our factual review power, we are satisfied that the verdict of guilt was not against the weight of the evidence (*see,* CPL 470.15 [5]).

The defendant has, for the most part, failed to preserve for appellate review his contention that the prosecutor made improper statements during his summation (*see, People v Nuccie,* 57 NY2d 818; *People v Dordal,* 55 NY2d 954). Those comments which were objected to by defense counsel were, for the most part, followed by curative instructions, after which defense counsel neither requested further curative instructions nor moved for a mistrial. Defense counsel thus indicated that the court had sufficiently cured any error to his satisfaction (*see, People v Rosario,* 195 AD2d 577). In any event, the remarks in question were fair comment on the evidence (*see, People v*

*Ashwal*, 39 NY2d 105), fair response to the comments that the defense counsel made during summation (*see, People v Galloway*, 54 NY2d 396), or harmless in light of the overwhelming evidence of the defendant's guilt and the court's subsequent instructions, which served to cure any prejudice to the defendant (*see, People v Basora*, 75 NY2d 992; *People v Crimmins*, 36 NY2d 230).

The defendant's sentence was not excessive (*see, People v Suitte*, 90 AD2d 80).

The defendant's remaining contentions are either unpreserved for appellate review or without merit. Mangano, P. J., Bracken, Sullivan and Hart, JJ., concur.