■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v SING YUEN CHEN, Also Known as AH MOON, Appellant. [680 NYS2d 98] —Appeal by the defendant from a judgment of the Supreme Court, Queens County (Erlbaum, J.), rendered January 10, 1997, convicting him of murder in the second degree, hindering prosecution in the first degree, tampering with physical evidence (two counts), and criminal possession of a weapon in the fourth degree (three counts), upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The photograph of the victim taken while he was still alive and smiling was admissible for the purpose of identification since over 90 percent of the victim's body, excluding the right side of the face, had been charred (*see, People v Pobliner,* 32 NY2d 356, *cert denied* 416 US 905). After determining that the photograph corroborated the identification testimony of the victim's uncle, that it was not offered solely to arouse the passions of the jury, and that there was no potential prejudice to the defendant, the trial court properly received the photograph into evidence (*see, People v Wood,* 79 NY2d 958; *People v Stevens,* 76 NY2d 833; *People v Webster,* 248 AD2d 738).

The defendant's contention that the trial court impermissibly admitted testimony of an uncharged crime is unpreserved for appellate review (*see,* CPL 470.05 [2]; *People v Gray,* 86 NY2d 10, 19). In any event, the defendant failed to demonstrate that he was prejudiced by the witness's brief statement, which was vague and ambiguous at best, that the defendant possessed drugs.

The defendant's contention that the trial court erroneously admitted testimony of a prior consistent statement is without

merit. The defense counsel's questioning of a witness during cross-examination inferred that the testimony was a recent fabrication, thus opening the door for the prosecutor, on redirect, to rebut this charge (*see, People v Seit,* 86 NY2d 92, 95-96; *People v McDaniel,* 81 NY2d 10, 16; *People v McClean,* 69 NY2d 426).

The defendant's sentence was not excessive (*see, People v Pena,* 50 NY2d 400, *cert denied* 449 US 1087; *People v Suitte,* 90 AD2d 80). The defendant's remaining contentions are without merit. Copertino, J. P., Santucci, Goldstein and Luciano, JJ., concur.