■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JUAN MIELES, Appellant. [680 NYS2d 262] —Appeal by the defendant from a judgment of the Supreme Court, Kings County (Kreindler, J.), rendered December 20, 1996, convicting him of criminal sale of a controlled substance in the third degree (two counts), upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

Prior to jury selection, the defendant signed a waiver giving up his right to be present during sidebar conferences in which prospective jurors were questioned about their qualifications. On this appeal, the defendant alleges that he was denied his right to be present at all material stages of the trial because he was not present at the sidebar conferences when the attorneys informed the trial court of challenges for cause and peremptory challenges. Contrary to the defendant's contention, we find that the defendant was not denied his right to be present at all material stages of the trial (*see, People v Velasco*, 77 NY2d 469). While the defendant was not present at the sidebar conference when challenges were discussed, he was present during voir dire and when the challenges were effectuated in open court (*see, People v Velasco, supra; People v Kaur*, 204 AD2d 573).

The defendant's challenges to the prosecutor's summation are unpreserved for appellate review (*see,* CPL 470.05 [2]; *People v Simms*, 222 AD2d 622). In any event, any error in the prosecutor's summation was harmless in light of the overwhelming evidence of the defendant's guilt (*see, People v Crimmins*, 36 NY2d 230). O'Brien, J. P., Sullivan, Pizzuto and Florio, JJ., concur.