■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v FRANK D'ANTUONO, Appellant. [695 NYS2d 440] —Judgment unanimously reversed on the law and new trial granted. Memorandum: Defendant was convicted following a jury trial of robbery in the first degree (Penal Law § 160.15 [4]) and two counts of escape in the first degree (Penal Law § 205.15 [2]). On appeal from that judgment of conviction, he maintained that County Court erred in denying his motion to dismiss the indictment pursuant to CPL 30.30 without conducting a hearing. We agreed, held the case, reserved decision and remitted the matter to Niagara County Court for a hearing to resolve the factual issues raised by defendant in his motion to dismiss (*People v D'Antuono,* 245 AD2d 1108).

Following the CPL 30.30 hearing held in accordance with our directive, the court denied defendant's motion to dismiss the indictment. Upon our review of the record, we conclude that the court properly denied defendant's motion. The record supports the court's determination that defendant, who had escaped from custody in New York and was being held on other criminal charges in Virginia, was "unavailable" and that the People were diligent in their efforts to obtain defendant's presence in New York (*see, People v Wills,* 201 AD2d 519, *lv denied* 83 NY2d 973). Thus, the period of time from January 1993 to August 15, 1995 is excludable pursuant to CPL 30.30 (4) (c) and (e), as they then read.

Defendant also maintains that the court erred in denying his request to proceed *pro se*. We agree. A defendant has a constitutional right to proceed *pro se* (*see,* US Const 6th, 14th Amends; NY Const, art 1, § 6; *Faretta v California,* 422 US 806, 835-836; *People v Coleman,* 210 AD2d 977), however

unwise the exercise of such right may appear to be, subject to certain restrictions. "A defendant in a criminal case may invoke the right to defend *pro se* provided: (1) the request is unequivocal and timely asserted, (2) there has been a knowing and intelligent waiver of the right to counsel, and (3) the defendant has not engaged in conduct which would prevent the fair and orderly exposition of the issues" (*People v McIntyre,* 36 NY2d 10, 17).

The record establishes that defendant made a timely and unequivocal request to represent himself and that the court conducted a "thorough inquiry" to determine whether defendant's decision was made voluntarily and with full knowledge of the possible dangers and disadvantages of proceeding *pro se* (*People v Smith,* 68 NY2d 737, 738, *cert denied* 479 US 953, citing *People v McIntyre, supra,* at 17; *see, People v Ward,* 205 AD2d 876, 877, *lv denied* 84 NY2d 873). Although the court denied the motion based in part on its perception that defendant's legal skills were lacking, the lack of knowledge of legal principles and rules of law is not a proper ground for denial (*see, People v Ryan,* 82 NY2d 497, 507-508; *People v Coleman, supra*). In addition, although defendant had previously been charged with escape, there was no evidence that defendant would engage in conduct that would prevent the fair and orderly exposition of the issues. Because the court improperly denied defendant his right to proceed *pro se* (*see, People v Vivenzio,* 62 NY2d 775, 776; *People v Schoolfield,* 196 AD2d 111, *lv dismissed* 83 NY2d 858, *lv denied* 83 NY2d 915), we reverse the judgment and grant a new trial. (Resubmission of Appeal from Judgment of Niagara County Court, Hannigan, J.—Robbery, 1st Degree.) Present—Denman, P. J., Green, Callahan and Balio, JJ.