■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v WILLIAM ALLEN, Appellant. [720 NYS2d 72] —Judgment, Supreme Court, New York County (Ira Beal, J.), rendered April 6, 1998, convicting defendant, upon his plea of guilty, of criminal possession of a weapon in the second degree, and sentencing him, as a second violent felony offender, to a term of 7 years, unanimously affirmed.

Defendant's motion to suppress a pistol recovered from his backpack was properly denied. Initially, we conclude that the police had reasonable suspicion justifying a stop and frisk of defendant. Upon receipt of a radio communication that two described men, one of whom had a gun, were selling drugs at a specified location, the police encountered defendant and another man near the location, apparently counting money. The record sufficiently establishes that the source of this information was the personal observations of an identified citizen-witness participating in a "block-watcher" program. In any event, even if this had been an anonymous tip, it was corroborated by the police observation suggesting the aftermath of a drug transaction (*see, Florida v J.L.*, 529 US 266). The joint description was sufficiently detailed and accurate to warrant a reasonable conclusion that these were the described men, given the close spatial and temporal proximity, the complete absence of anyone else at or near the scene, and the fact that money was apparently being counted (*see, People v Brown*, 254 AD2d

88, *lv denied* 92 NY2d 980; *People v Morales*, 246 AD2d 396, *lv denied* 91 NY2d 943).

The police first frisked defendant's companion and recovered a revolver. Then, in the course of patting down defendant, the officer removed his backpack and felt a hard, heavy object suggesting a firearm therein. Based on the totality of these circumstances, the police clearly had a reasonable fear that their safety required inspection of the contents of the bag, as part of the lawful stop and frisk (*see, People v Moore*, 32 NY2d 67, *cert denied* 414 US 1011). Moreover, the record also supports the court's finding that the recovery of the first weapon from the companion provided probable cause for defendant's arrest. The facts warranted the conclusion that defendant was in constructive possession of the first weapon, an instrumentality of their joint criminal enterprise (*see generally, Brinegar v United States*, 338 US 160, 175; *cf., People v Mosley*, 68 NY2d 881, *cert denied* 482 US 914). Accordingly, the search of defendant's backpack revealing a second weapon which turned out to be a semi-automatic 9 millimeter pistol was also justified as incident to a lawful arrest (*People v Wylie*, 244 AD2d 247, *lv denied* 91 NY2d 946). Concur—Mazzarelli, J. P., Andrias, Wallach, Lerner and Rubin, JJ.