■■■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JULIO RUIZ, Appellant. [732 NYS2d 44] —Appeal by the defendant from a judgment of the Supreme Court, Kings County (Marrus, J.), rendered May 13, 1999, convicting him of robbery in the second degree, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing (Silverman, J.), of those branches of the defendant's omnibus motion which were to suppress physical evidence and identification testimony.

Ordered that the judgment is affirmed.

Contrary to the defendant's contention, the police had reasonable suspicion to believe he was involved in a gunpoint robbery and was armed with the gun used in that robbery (*see, Terry v Ohio,* 392 US 1). The defendant was not frisked merely because he was in the company of a person the police reasonably suspected was involved in a crime (*cf., People v Terrell,* 185 AD2d 906; *People v Durant,* 175 AD2d 176; *People v Trapier,* 47 AD2d 481). The defendant was frisked because he was part of a group of three people who were walking four or five blocks from the scene of a gunpoint robbery at 2:00 A.M., were the only people on the street in this residential neighbor-

hood, and generally matched the description of the three armed robbers (*see, People v Salaman,* 71 NY2d 869; *People v Allen,* 280 AD2d 270; *People v Andrews,* 243 AD2d 321; *People v Jenkins,* 87 AD2d 526; *People v Boyd,* 78 AD2d 225).

The comments made by the Trial Judge at sentencing clearly indicate that he did not improperly enhance the defendant's sentence based on his choice to go to trial (*cf., Bordenkircher v Hayes,* 434 US 357; *People v Accolla,* 124 AD2d 663; *People v Patterson,* 106 AD2d 520). Additionally, the sentence imposed was not excessive (*see, People v Suitte,* 90 AD2d 80). O'Brien, J. P., Luciano, Schmidt and Adams, JJ., concur.