■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ANTHONY MACK, Appellant. [741 NYS2d 444] —Appeal by the defendant from a judgment of the Supreme Court, Kings County (Demarest, J.), rendered October 16, 1997, convicting him of murder in the second degree (two counts), upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

Viewing the evidence in the light most favorable to the prosecution (*see People v Contes,* 60 NY2d 620), we find that it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt. The prosecution produced sufficient evidence

from which a rational jury could infer that the defendant returned to the subject house with the intent to commit a larceny therein, that he unlawfully remained in the house, and that he murdered the victim during the course of the crime. Therefore, the defendant was properly convicted of the felony murder count (*see People v Acosta*, 273 AD2d 318; *People v Brown*, 111 AD2d 343). Upon the exercise of our factual review power, we are satisfied that the verdict of guilt was not against the weight of the evidence (*see* CPL 470.15 [5]).

Furthermore, the defendant's contention that he was penalized for going to trial rather than accepting a plea offer is unpreserved for appellate review, as it was not raised before the sentencing court (*see* CPL 470.05 [2]; *People v Gray*, 86 NY2d 10; *People v Udzinski*, 146 AD2d 245). In any event, the sentencing minutes indicate that the court relied upon the appropriate factors in sentencing the defendant to a higher sentence than that which was offered during plea negotiations (*see People v Pena*, 50 NY2d 400, *cert denied* 449 US 1087; *People v Cancel*, 266 AD2d 306; *People v Durkin*, 132 AD2d 668). The fact that the defendant's sentence was greater than the one he would have received had he pleaded guilty does not establish his entitlement to a lesser sentence (*see People v Hinton*, 285 AD2d 476; *People v Allah*, 283 AD2d 436). Florio, J.P., Smith, Luciano and H. Miller, JJ., concur.