■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ASCONA SANTIAGO, Appellant. [771 NYS2d 703]—

Appeal by the defendant from a resentence of the Supreme Court, Kings County (Firetog, J.), imposed March 29, 2001, upon his conviction of manslaughter in the first degree, after remittitur from this Court for resentencing (*see People v Santiago,* 277 AD2d 258 [2000]).

Ordered that the resentence is affirmed.

On April 27, 1998, the defendant was convicted, upon a jury verdict, of manslaughter in the first degree. By decision and order dated November 6, 2000, this Court modified the judgment by vacating the sentence imposed, finding that the Supreme Court had improperly considered crimes of which the defendant was acquitted as a basis for sentencing. As so modified, the judgment was affirmed, and the matter was remitted to the Supreme Court, Kings County, for resentencing by a different Justice (*see People v Santiago, supra*).

The defendant now appeals from his resentence, contending that since the term of imprisonment imposed was significantly greater than that offered during plea negotiations, he was impermissibly penalized for exercising his right to trial and prevailing on his prior appeal. However, it is "to be anticipated that sentences handed out after trial may be more severe than those proposed in connection with a plea" (*People v Pena,* 50 NY2d 400, 412 [1980], *cert denied* 449 US 1087 [1981]), and thus the fact that the term imposed at resentencing was greater than that which the defendant would have received had he accepted a plea bargain does not establish that he was penalized for asserting his right to proceed to trial (*see People v Mack,* 293 AD2d 761 [2002]; *People v Carillo,* 297 AD2d 288 [2002]; *People v Bellilli,* 270 AD2d 355 [2000]; *People v Durkin,* 132 AD2d 668 [1987]). Moreover, the record demonstrates that the resentencing court applied the sentencing principles appropriate to the circumstances of this case (*see People v Suitte,* 90 AD2d 80 [1982]; *People v Patterson,* 106 AD2d 520 [1984]), and there is no indication that vindictiveness or retaliation played a role in its determination. Furthermore, the term of incarceration imposed on resentencing was not excessive (*see People v Delgado,* 80 NY2d 780 [1992]; *People v Suitte, supra).* Santucci, J.P., Krausman, Schmidt and Ritter, JJ., concur.