■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ROBERT WIGGINS, Appellant. [774 NYS2d 798]—

Appeal by the defendant from a judgment of the County Court, Orange County (Rosenwasser, J.), rendered October 25, 2001, convicting him of burglary in the second degree, grand larceny in the fourth degree, and criminal possession of stolen property in the fourth degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant's contention that the sentence imposed improperly penalized him for exercising his right to a jury trial is unpreserved for appellate review, as it was not raised before the sentencing court (*see* CPL 470.05 [2]; *People v Best,* 295 AD2d 441 [2002]; *People v Mack,* 293 AD2d 761 [2002]). In any event, the contention is without merit. The fact that the sentence imposed after trial was greater than that offered during plea negotiations does not establish the defendant's entitlement to a lesser sentence (*see People v Mack, supra; People v Best, supra).*

The defendant's remaining contention, that it was an improvident exercise of the County Court's discretion to permit cross-examination concerning the existence of prior remote convictions, is unpreserved for appellate review (*see People v Polk,* 284 AD2d 416 [2001]; *People v Taylor,* 253 AD2d 471 [1998]). In any event, in light of the defendant's extensive period of incarceration in the intervening years since the prior remote convictions, it was a provident exercise of the County Court's discretion to permit the cross-examination (*see People v Maurer,* 186 AD2d 228 [1992]). H. Miller, J.P., Adams, Townes and Mastro, JJ., concur.