■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CHRISTOPHER HERRERA, Appellant. [794 NYS2d 57]—

Appeal by the defendant from a judgment of the County Court, Nassau County (Calabrese, J.), rendered October 29, 2003, convicting him of murder in the second degree and criminal possession of a weapon in the second degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

Contrary to the defendant's contention, the County Court correctly admitted the prior consistent statement of a witness since, on cross-examination, defense counsel inferentially assailed the witness testimony as a recent fabrication (*see People v McClean*, 69 NY2d 426, 428 [1987]; *People v Whitley*, 14 AD3d 403 [2005]; *People v King*, 293 AD2d 759, 760 [2002]; *People v Sing Yuen Chen*, 253 AD2d 898, 899 [1998]; *People v Yarbough*, 229 AD2d 605, 605-606 [1996]). The defendant also contends that the court violated his right to a fair trial and his right to confront the witness when it precluded him from cross-examining the witness with respect to certain tape recorded statements. However, the defendant failed to preserve this contention for appellate review because he did not make an objection on these specific grounds (*see* CPL 470.05 [2]; *People v Qualls*, 55 NY2d 733, 734 [1981]; *People v McNeil*, 228 AD2d 620, 621 [1996]; *People v Valle*, 173 AD2d 879, 880 [1991]). In any event, this contention is without merit. The County Court allowed the audiotape to be played to the jury during the defendant's case and gave the defendant an opportunity to recall the witness for cross-examination with respect to the statements he made on the tape. Accordingly, the defendant was not denied his right to a fair trial, nor was he denied his right to confront the witness.

The defendant's contention that he was penalized for going to trial rather than accepting a plea offer is unpreserved for appellate review, as it was not raised before the County Court (*see* CPL 470.05 [2]; *People v Hurley*, 75 NY2d 887, 888 [1990]; *People v Mack*, 293 AD2d 761, 762 [2002]; *People v Shorter*, 275 AD2d 253, 254 [2000]). In any event, this contention is without merit. The court relied upon the appropriate factors in sentencing the

defendant to a higher sentence than that which was offered during plea negotiations (*see People v Pena*, 50 NY2d 400, 411-412 [1980]; *People v Mack, supra*).

The defendant's remaining contentions either are unpreserved for appellate review or without merit. Florio, J.P., Santucci, Krausman and Rivera, JJ., concur.