■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DENNIS GILLIAN, Appellant. [816 NYS2d 84]—

Appeal by the defendant from a judgment of the County Court, Orange County (DeRosa, J.), rendered August 13, 2004, convicting him of criminal sale of a controlled substance in the third degree and criminal possession of a controlled substance in the third degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant contends that he was denied his constitutional right to represent himself. We agree with the defendant that the County Court improperly denied his timely and unequivocal request to proceed pro se based upon its perception, after inquiry, that his legal skills were lacking (*see People v Ryan,* 82 NY2d 497, 507-508 [1993]; *People v Vivenzio,* 62 NY2d 775, 776 [1984]; *People v McIntyre,* 36 NY2d 10, 17-18 [1974]; *People v D'Antuono,* 263 AD2d 968 [1999]; *People v Coleman,* 210 AD2d 977 [1994]). However, this error is of no consequence since the record establishes that the defendant subsequently abandoned his request to proceed pro se. Two days later, the defendant moved for the reassignment of counsel or, in the alternative, to proceed pro se. After the County Court assigned a new attorney, the defendant proceeded with the trial, expressing no further wish to represent himself. Thus, the defendant must be deemed to have abandoned his request to represent himself (*see People v Pena,* 7 AD3d 259 [2004]; *People v McClam,* 297 AD2d 514 [2002]; *People v Hirschfeld,* 282 AD2d 337, 339 [2001], *lv denied* 96 NY2d 919 [2001], *cert denied* 534 US 1082 [2002]; *see also People v Rodriguez,* 50 NY2d 553 [1980]).

The defendant's contention that he was penalized for going to trial rather than accepting a plea offer is unpreserved for appellate review, as it was not raised before the County Court (*see* CPL 470.05 [2]; *People v Hurley,* 75 NY2d 887, 888 [1990]; *People*

*v Herrera,* 16 AD3d 699 [2005]; *People v Mack,* 293 AD2d 761, 762 [2002]; *People v Shorter,* 275 AD2d 253, 254 [2000]). In any event, this contention is without merit. The court relied upon the appropriate factors in sentencing the defendant to a higher sentence than that which was offered during plea negotiations (*see People v Pena,* 50 NY2d 400, 411-412 [1980], *cert denied* 449 US 1087 [1981]; *People v Herrera, supra*). Miller, J.P., Adams, Ritter and Covello, JJ., concur.