■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ISAIAH JOHNSON, Appellant. [877 NYS2d 207]—

Appeal by the defendant from a judgment of the Supreme Court, Nassau County (Kase, J.), rendered April 17, 2007, convicting him of attempted robbery in the first degree, criminal possession of a weapon in the second degree, and criminal possession of a weapon in the third degree (two counts), upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant contends that a detective's testimony that the defendant stated to police that no jury would believe he had attempted to rob the victim, described as a "Spanish woman," was not admissible as a spontaneous statement. This contention was waived when the defense also elicited the same testimony from the defendant during his own direct examination (*see People v Grant*, 54 AD3d 967, 967 [2008]; *People v Bryan*, 50 AD3d 1049, 1050-1051 [2008]; *People v Holmes*, 47 AD3d 946 [2008]; *People v Blackman*, 13 AD3d 640 [2004]).

The defendant failed to preserve for appellate review his claim that the Supreme Court's conduct in examining him denied him a fair trial by stating that the court's curative instructions were "satisfactory" (*see* CPL 470.05 [2]; *People v Gill*, 54 AD3d 965, 965-966 [2008]; *People v Henry*, 306 AD2d 539, 539 [2003]; *People v Simms*, 222 AD2d 622 [1995]; *People v Coico*, 156 AD2d 578, 579 [1989]). In any event, the court's prompt curative instruction sufficiently cured any error that arose from its questioning of the defendant (*see People v Montalvo*, 251 AD2d 136, 137 [1998]; *People v Du Boulay*, 158 AD2d 612, 614 [1990]; *Picciallo v Norchi*, 147 AD2d 540, 541 [1989]).

The Supreme Court did not err in denying the defendant's motion for a mistrial as a result of the brief mention by a police witness of a suppressed "mask." The "issuance of immediate curative instructions to the jury was more than sufficient to minimize any possible prejudice suffered by the defendant due to the police officer's utterance [regarding the suppressed physical evidence], particularly where, as here, the [defense counsel's] prompt objection cut off the witness before any meaning could be given to those words" (*People v Banks*, 130 AD2d 498, 499 [1987]; *see People v Santiago*, 52 NY2d 865 [1981]; *People v Brescia*, 41 AD3d 613, 614 [2007]; *People v Haynes*, 39 AD3d 562, 564 [2007]).

Also unavailing is the defendant's argument that the Supreme Court erred in admitting a spontaneous statement he made at the scene of his arrest as showing his consciousness of guilt because its probative value was outweighed by its tendency to show his propensity to commit one of the charged offenses. Contrary to the defendant's contentions, the statement showed the defendant's consciousness of guilt and the Supreme Court did not err in permitting testimony regarding the statement (*see People v Currus*, 266 AD2d 468 [1999]; *People v Kirkey*, 248 AD2d 979 [1998]; *People v Terrence*, 205 AD2d 301, 302 [1994]).

The defendant failed to preserve for appellate review his contention that the Supreme Court imposed his sentence in retaliation for the defendant's refusal to accept the plea agreements offered by the prosecution prior to trial (*see* CPL 470.05 [2]; *People v Hurley*, 75 NY2d 887, 888 [1990]; *People v Herrera*, 16 AD3d 699 [2005]; *People v Mack*, 293 AD2d 761, 762 [2002]). In any event, the defendant's sentence was fair and there is no indication it was imposed in retaliation for not accepting the prosecution's pretrial plea offer (*see People v Oliver*, 63 NY2d 973, 975 [1984]; *People v Pena*, 50 NY2d 400, 411-412 [1980]; *People v Davis*, 27 AD3d 761, 762 [2006]; *People v Durkin*, 132 AD2d 668, 669 [1987]; *People v Patterson*, 106 AD2d 520, 521

[1984]). Skelos, J.P., Dillon, Leventhal and Chambers, JJ., concur.