■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v VINCENTE LOPEZ, Appellant. [888 NYS2d 417]—

Appeal by the defendant, as limited by his motion, from a sentence of the County Court, Suffolk County (Hinrichs, J.), imposed April 4, 2005, upon his conviction of sexual abuse in the first degree (four counts) and endangering the welfare of a child (three counts), upon a jury verdict.

Ordered that the sentence is affirmed.

Contrary to the defendant's contention, the fact that the sentence imposed after trial was greater than the sentence offered during plea negotiations does not establish that he was punished for asserting his right to proceed to trial. It is to be anticipated "that sentences handed out after trial may be more severe than those proposed in connection with a plea" (*People v Pena*, 50 NY2d 400, 412 [1980], *cert denied* 449 US 1087 [1981]), and there is no indication in the record of retaliation or vindictiveness against the defendant for electing to proceed to trial (*see People v Johnson*, 61 AD3d 892, 893 [2009]; *People v Garcia*, 46 AD3d 573, 574 [2007]; *People v Ruiz*, 287 AD2d 662, 663 [2001]). Moreover, the sentence imposed was not excessive (*see People v Suitte*, 90 AD2d 80 [1982]).

The defendant's remaining contention is unpreserved for appellate review. Skelos, J.P., Miller, Eng and Lott, JJ., concur.