■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DARYL HOLLEY, Appellant. [929 NYS2d 747]—

The defendant argues that certain videotaped statements

made by confidential informants and detectives should have been redacted before admission of the subject videotapes into evidence. However, any error in failing to redact the challenged statements was harmless, as there was overwhelming evidence of the defendant's guilt, and no significant probability that the error contributed to his convictions (*see People v Crimmins*, 36 NY2d 230, 241-242 [1975]).

Moreover, contrary to the defendant's contention, the fact that the sentence imposed after trial was greater than the sentence offered during plea negotiations is no indication that the defendant was punished for asserting his right to proceed to trial (*see People v Pena*, 50 NY2d 400, 411-412 [1980], *cert denied* 449 US 1087 [1981]; *People v Rodriguez*, 73 AD3d 815, 816-817 [2010]; *People v Brock*, 69 AD3d 644 [2010]; *People v Garcia*, 66 AD3d 699, 701 [2009]). It is "to be anticipated that sentences handed out after trial may be more severe than those proposed in connection with a plea" (*People v Pena*, 50 NY2d at 412; *see People v Lopez*, 67 AD3d 929, 930 [2009]; *People v DeHaney*, 66 AD3d 1040, 1041 [2009]), and there is no indication that vindictiveness or retaliation played a role in the County Court's determination (*see People v Lopez*, 67 AD3d at 930; *People v Santiago*, 4 AD3d 545 [2004]).

However, under the particular circumstances of this case, we deem it appropriate to reduce the sentences imposed to the extent indicated herein.

The defendant's remaining contentions, raised in his pro se supplemental brief, are without merit. Rivera, J.P., Florio, Austin and Cohen, JJ., concur.