■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v VICTOR V. CRUZ-GARCIA, Appellant. [53 NYS3d 364]—

Appeal by the defendant from a judgment of the Supreme Court, Putnam County (Rooney, J.), rendered July 29, 2015, convicting him of rape in the first degree, criminal sexual act in the first degree, and endangering the welfare of a child, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant's challenge to the legal sufficiency of the evidence is unpreserved for appellate review (*see* CPL 470.05 [2]; *People v Hawkins*, 11 NY3d 484, 492 [2008]). In any event, viewing the evidence in the light most favorable to the prosecution (*see People v Contes*, 60 NY2d 620 [1983]), we find that it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt. Moreover, in fulfilling our responsibility to conduct an independent review of the weight of the evidence

(*see* CPL 470.15 [5]; *People v Danielson*, 9 NY3d 342 [2007]), we nevertheless accord great deference to the jury's opportunity to view the witnesses, hear the testimony, and observe demeanor (*see People v Mateo*, 2 NY3d 383, 410 [2004]; *People v Bleakley*, 69 NY2d 490, 495 [1987]). Upon reviewing the record here, we are satisfied that the verdict of guilt was not against the weight of the evidence (*see People v Romero*, 7 NY3d 633 [2006]).

The defendant's contentions that the People improperly questioned a police witness about evidence that had been suppressed prior to trial, and that the Supreme Court erred by allowing an emergency medical witness to testify as to the complainant's prompt outcry, are unpreserved for appellate review (*see* CPL 470.05 [2]) and, in any event, without merit (*see People v McDaniel*, 81 NY2d 10, 16-17 [1993]; *People v Coico*, 156 AD2d 578, 579-580 [1989]). Further, the defendant's contentions that the court failed to sua sponte deliver an intoxication charge and erred in not allowing him to cross-examine a witness as to her alleged attempt to commit insurance fraud, are without merit (*see People v Smith*, 27 NY3d 652, 659 [2016]; *People v Corby*, 6 NY3d 231, 234-235 [2005]; *People v Cintron*, 74 AD2d 457, 463 [1980]). Additionally, any error the court may have made by allowing the physician assistant who treated the complainant shortly after the incident to testify that the complainant was "fearful to talk" (*see People v McDaniel*, 81 NY2d at 16-17; *People v Cridelle*, 112 AD3d 1141, 1143 [2013]) was harmless, as there was overwhelming evidence of the defendant's guilt and no significant probability that the error contributed to his convictions (*see People v Crimmins*, 36 NY2d 230, 242 [1975]).

The sentence imposed was not excessive (*see People v Delgado*, 80 NY2d 780, 783 [1992]; *People v Suitte*, 90 AD2d 80 [1982]). Rivera, J.P., Chambers, Duffy and Barros, JJ., concur.