People v Johnson (2025 NY Slip Op 01388)

People v Johnson

2025 NY Slip Op 01388

Decided on March 12, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on March 12, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ANGELA G. IANNACCI, J.P.
WILLIAM G. FORD
DEBORAH A. DOWLING
PHILLIP HOM, JJ.

2022-02643
2022-06460

[*1]The People of the State of New York, respondent, 
v
Richard Johnson, also known as "Slim," appellant. (Ind. Nos. 66/20, 30/21)

Kelley M. Enderley, Poughkeepsie, NY, for appellant.
Anthony P. Parisi, District Attorney, Poughkeepsie, NY (Kirsten A. Rappleyea of counsel), for respondent.

DECISION & ORDER
Appeals by the defendant from two judgments of the County Court, Dutchess County (Jessica Segal, J.), both rendered March 24, 2022, convicting him of criminal sale of a controlled substance in the third degree (two counts) and criminal possession of a controlled substance in the third degree (two counts) under Indictment No. 66/20, upon a jury verdict, and criminal sale of a controlled substance in the third degree under Indictment No. 30/21, upon his plea of guilty, and sentencing him, as a second felony offender, to determinate terms of imprisonment of 10 years followed by 3 years of postrelease supervision on his convictions of criminal sale of a controlled substance in the third degree under Indictment No. 66/20, to run consecutively with each other, and to run concurrently with determinate terms of imprisonment of 10 years followed by 3 years of postrelease supervision on his convictions of criminal possession of a controlled substance in the third degree under Indictment No. 66/20 and to a determinate term of imprisonment of 8 years followed by 2 years of postrelease supervision on his conviction of criminal sale of a controlled substance in the third degree under Indictment No. 30/21, which were to run concurrently with each other.
ORDERED that the judgment under Indictment No. 66/20 is modified, as a matter of discretion in the interest of justice, by providing that the sentences imposed on the convictions of criminal sale of a controlled substance in the third degree under Indictment No. 66/20 shall run concurrently with each other; as so modified, the judgment is affirmed; and it is further,
ORDERED that the judgment under Indictment No. 30/21 is affirmed.
The defendant's contention that the sentence imposed improperly penalized him for exercising his right to a jury trial is unpreserved for appellate review (see People v Demilio, 227 AD3d 1098, 1101; People v Wiggins, 6 AD3d 634). In any event, the record fails to establish that the County Court penalized the defendant for exercising his right to proceed to trial (see People v Demilio, 227 AD3d at 1101; People v Nivelo, 222 AD3d 779, 780). However, the sentence imposed under Indictment No. 66/20 was excessive to the extent indicated herein (see People v Suitte, 90 AD2d 80).
IANNACCI, J.P., FORD, DOWLING and HOM, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court