■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CLINTON FULTON, Appellant.—Judgment, Supreme Court, New York County (Jerome Marks, J., at *Mapp/Wade* hearing; Brenda Soloff, J., at plea and sentence), rendered February 15, 1990, convicting defendant of criminal possession of a controlled substance in the fifth degree, and sentencing him to an indeterminate term of imprisonment of 2 to 4 years, unanimously affirmed.

The testimony at the combined *Wade/Mapp* hearing showed that a New York City police officer, from a rooftop observation post, observed defendant sell what appeared to be vials of crack to an unapprehended individual. This officer immediately radioed a description of defendant to a second officer, who arrested defendant as the first officer monitored the situation from his post.

Defendant contends that the arresting officer lacked probable cause to seize him, since the first officer transmitted only a description of the defendant, without reporting that defendant had committed, or was suspected of committing a crime. To the contrary, we find that the arresting officer was entitled to assume, under the circumstances, that defendant had committed a drug-related crime, and that the instruction to arrest defendant was lawful. It has been held that, "A police officer is entitled to act on the strength of a radio bulletin or a telephone or teletype alert from a fellow officer or department and to assume its reliability" *(People v Lypka,* 36 NY2d 210, 213). As the police officer testified at the hearing as to his personal observations, we find that the People met their initial burden of establishing probable cause for the arrest *(People v Petralia,* 62 NY2d 47, *cert denied* 469 US 852). Concur—Carro, J. P., Wallach, Kupferman and Smith, JJ.