■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v GUY FISHER, Appellant. [704 NYS2d 246] —Judgment, Supreme Court, New York County (Michael Obus, J., at hearing; James Yates, J., at plea and sentence), rendered April 10, 1997, convicting defendant of criminal sale of a controlled substance in the third degree, and sentencing him, as a second felony offender, to a term of 4½ to 9 years, unanimously affirmed.

Defendant's suppression motion was properly denied. Probable cause to arrest was based on the detailed description and location transmitted to the backup team by the undercover officer and the second transmission confirming that the right person had been apprehended. Although there was no testimony that the undercover officer used the expression "positive

buy" or any other such signal that a drug transaction had transpired (*see, People v Maldonado*, 86 NY2d 631, 636), the record supports the court's finding that, because of the particular nature and purpose of a "buy and bust" operation, the backup officers could reasonably infer that a communication from an undercover officer providing a description and location was intended to convey that a drug transaction involving said person took place at that location (*see, People v Fulton*, 176 AD2d 130, *lv denied* 79 NY2d 857). There would be no other reason under these circumstances for the undercover officer to transmit a description. Concur—Rosenberger, J. P., Mazzarelli, Ellerin, Lerner and Friedman, JJ.