■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DERVIN VESTAL, Appellant. [705 NYS2d 37] —Judgment, Supreme Court, New York County (Ira Beal, J.), rendered December 18, 1998, convicting defendant, after a jury trial, of criminal sale of a controlled substance in the third degree, and sentencing him, as a second felony offender, to a term of 4½ to 9 years, unanimously affirmed.

Defendant's suppression motion was properly denied. Although the undercover officer initially transmitted only a description of defendant, without using the expression "positive buy" or any other indication of drug activity (*see, People v Maldonado*, 86 NY2d 631, 636), the backup officers could reasonably infer, given the nature and purpose of a "buy and bust" operation, that a communication from an undercover officer providing a description was intended to convey that a drug transaction involving said person had occurred or was in prog-

ress (*see, People v Fulton*, 176 AD2d 130, *lv denied* 79 NY2d 857). There would be no other reason under these circumstances for the undercover officer to transmit a description. When the undercover officer's initial transmission describing defendant is taken together with his subsequent transmissions, which included conversation related to the purchase of cocaine as well as the "positive buy" signal, the inference is inescapable that the undercover officer had implicated defendant as a participant in the drug transaction. Concur—Rosenberger, J. P., Mazzarelli, Ellerin, Lerner and Friedman, JJ.