■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ANDRE SHORTER, Also Known as ANDRE BRIDGES, Appellant. [711 NYS2d 431] —Judgment, Supreme Court, New York County (Micki Scherer, J., at suppression hearing; Joan Sudolnik, J., at nonjury trial and sentence), rendered February 11, 1998, convicting defendant of criminal sale of a controlled substance in the third degree, and sentencing him, as a second felony offender, to an indeterminate term of from 4 1/2 to 9 years' imprisonment, and judgment, same court (Micki Scherer, J.), rendered February 17, 1998, convicting defendant, upon his plea of guilty, of violation of probation, and resentencing him to a consecutive indeterminate term of from 1 to 3 years' imprisonment, unanimously affirmed.

Defendant's suppression motion was properly denied. The "ghost" undercover officer's radio transmission to the backup officer, stating that the undercover officer he was ghosting had made a "positive buy" and giving the descriptions of two persons, clearly implied that those two persons, one of whom was defendant, had participated in the sale (see, People v Ketcham, 93 NY2d 416, 419-420; People v Mims, 88 NY2d 99, 113-114; see also, People v Fisher, 270 AD2d 90; People v Vestal, 270 AD2d 92). The additional information in the radio message, that the described persons were running after the

undercover officer, had caught up with him, and were questioning him, did not create any ambiguity as to whether those persons were the sellers. On the contrary, it introduced an element of urgency, since the reasonable implication was that the sellers posed a threat to the undercover officer's safety.

Defendant also received "meaningful representation" at trial (*see, People v Benevento,* 91 NY2d 708). Any application to reopen the suppression hearing based upon subsequent trial evidence would not have resulted in suppression and the absence of such a motion did not prejudice the defense or defendant's right to a fair trial (*see, People v Hobot,* 84 NY2d 1021, 1024). The mere fact that additional evidence of probable cause to arrest defendant subsequently came out at trial in no way undermines the hearing court's prior conclusion that the ghost's radio transmission provided ample probable cause for defendant's arrest.

The court's imposition of a consecutive sentence for defendant's violation of probation was a proper exercise of discretion. Defendant's claim that the court employed improper criteria in imposing this sentence is unpreserved (*see, People v Hurley,* 75 NY2d 887) and we decline to review it in the interest of justice. Were we to do so, we would find that the sentence was properly imposed (*see, People v Pena,* 50 NY2d 400, 411-412, *cert denied* 449 US 1087). Concur—Rosenberger, J. P., Tom, Mazzarelli, Andrias and Saxe, JJ.