■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v GREGORY DARBY, Appellant. [731 NYS2d 683] —Judgment, Supreme Court, New York County (Micki Scherer, J.), rendered June 9, 1999, convicting defendant, after a jury trial, of criminal sale of a controlled substance in the third degree, criminal sale of a controlled substance in or near school grounds and criminal possession of a controlled substance in the seventh degree, and sentencing him to concurrent terms of 5 to 10 years, 5 to 10 years and 1 year, respectively, unanimously affirmed.

Defendant's suppression motion was properly denied. The "ghost" officer radioed to the arresting officer a detailed description of defendant and a continuing account of defendant's movements. The inference is inescapable that the ghost was conveying information based on his own observations, a communication from the purchasing undercover officer, or both, that a drug transaction involving defendant had occurred or was in progress (*see, People v Vestal,* 270 AD2d 92, *lv denied* 95 NY2d 805; *People v Fisher,* 270 AD2d 90, *lv denied* 95 NY2d 796). Moreover, although the arresting officer was unable to hear the undercover buyer's "positive buy" communication, the circumstantial evidence warrants the conclusion that, prior to making the arrest, the arresting officer obtained that information from other members of the backup team who were in contact with the buyer (*see, People v Gonzalez,* 91 NY2d 909; *People v Mims,* 88 NY2d 99, 113-114). Concur—Nardelli, J. P., Lerner, Rubin, Saxe and Marlow, JJ.