■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v FRANK DELACRUZ, Appellant. [743 NYS2d 406] —Judgment, Supreme Court, New York County (Dora Irizarry, J., at hearing; Laura Visitacion-Lewis, J., at jury trial and sentence), rendered June 28, 2000, convicting defendant of criminal sale of a controlled substance in the third degree, and sentencing him, as a second felony offender, to a term of 5 to 10 years, unanimously affirmed.

Defendant's suppression motion was properly denied. Reasonable suspicion for defendant's detention was established by the arresting officer's testimony that he received a radio message from the "ghost" officer describing two men, one of whom was defendant, who had been observed by the ghost conversing with the undercover officer, followed by a second message from the ghost that there had been a "positive buy," and repeating the descriptions of the two men. Given the arresting officer's hearing testimony concerning the structure and functioning of the undercover buy operation, it was reasonable for the hearing court to infer that the ghost officer's testimony that defendant was a participant in the drug transaction was the product of first-hand observations and a signal from the purchasing of-

ficer (*People v Ketcham*, 93 NY2d 416, 422; *People v Shorter*, 275 AD2d 253, *lv denied* 95 NY2d 969).

The trial court's modification of its *Sandoval* ruling was proper because defendant's contradictory responses opened the door to the People's inquiry (*see, People v Cooper*, 92 NY2d 968; *People v Fardan*, 82 NY2d 638, 646). Concur—Williams, P.J., Nardelli, Rosenberger, Marlow and Gonzalez, JJ.