■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v WILLIAM ROMERO, Appellant. [892 NYS2d 342]—

The court properly denied defendant's suppression motion. Defendant's arguments at the suppression hearing were insufficiently specific to preserve his present claim that the nontestifying observing officer's communication to the arresting officer did not establish the basis of the observing officer's knowledge

that defendant sold drugs, and we decline to review it in the interest of justice. We note that if defendant had raised the issue at the hearing, the record might have been developed further as to what the arresting officer understood the term "drug transaction" to signify (*see People v Martin*, 50 NY2d 1029, 1031 [1980]). As an alternative holding, we also reject defendant's claim on the merits. The observing officer's radio message stating that there had been a drug transaction, and giving a detailed description of defendant, justified defendant's arrest under the fellow officer rule (*see People v Washington*, 87 NY2d 945 [1996]). In context, the phrase "drug transaction" was indistinguishable from such phrases as "positive buy" or "positive transaction" (*see People v Genyard*, 276 AD2d 299 [2000], *lv denied* 95 NY2d 963 [2000]; *see also People v Fisher*, 270 AD2d 90 [2000], *lv denied* 95 NY2d 796 [2000] [in context of police narcotics operation, radioed description itself may reasonably imply described person's involvement in drug transaction]). Concur—Gonzalez, P.J., Tom, Sweeny, Freedman and Abdus-Salaam, JJ.