Judgment, Supreme Court, New York County (Thomas Farber, J., at suppression hearing; Ruth Pickholz, J., at jury trial and *506 sentencing), rendered September 12, 2011, convicting defendant of criminal possession of a controlled substance in the third degree, and sentencing him, as a second felony drug offender whose prior felony conviction was a violent felony, to a term of six years, unanimously affirmed.
The court properly denied defendant’s motion to suppress money he discarded while fleeing from the police. When the observing officer communicated to the arresting officer that someone was running in the latter’s direction, the only reasonable inference, given the surrounding context, was that the running person had just participated in a drug transaction (see People v Vestal, 270 AD2d 92 [1st Dept 2000], lv denied 95 NY2d 805 [2000]; People v Fisher, 270 AD2d 90 [1st Dept 2000], lv denied 95 NY2d 796 [2000]). Accordingly, the arresting officer, who had positioned himself to apprehend anyone who ran from the scene, properly acted under the fellow officer rule when he pursued defendant, who was the only person running.
The People provided reasonable assurances as to the identity and unchanged condition of the drugs seized from a codefendant, and the absence of testimony from the chemist who initially tested the drugs went only to the weight to be accorded the evidence, not its admissibility {see People v Miller, 209 AD2d 187, 188 [1st Dept 1994], affd 85 NY2d 962 [1995]). Any discrepancies as to the color, form or weight measurement of the drugs were insignificant or were sufficiently explained by the chemist who retested the drugs, and these discrepancies likewise went to weight rather than admissibility {see People v Julian, 41 NY2d 340 [1977]; People v White, 40 NY2d 797, 799-800 [1976]).
Concur—Gonzalez, RJ., Friedman, Abdus-Salaam, Román and Clark, JJ.