People v Furet (2025 NY Slip Op 06262)

People v Furet

2025 NY Slip Op 06262

Decided on November 13, 2025

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: November 13, 2025

Before: Kern, J.P., Friedman, Kapnick, Shulman, Hagler, JJ. 

Ind No. 1523/16|Appeal No. 5162|Case No. 2018-2398|

[*1]The People of the State of New York, Respondent,
v
Dwight Furet, Defendant-Appellant.

Caprice R. Jenerson, Office of the Appellate Defender, New York (Rachel Lindy of counsel), for appellant.
Alvin L. Bragg, Jr., District Attorney, New York (Hunter Baehren of counsel), for respondent.

Judgment, Supreme Court, New York County (Daniel Conviser, J.), rendered November 14, 2017, as amended July 19, 2018, convicting defendant, upon his plea of guilty, of criminal sale of a controlled substance in the third degree, and sentencing him, as a second felony drug offender, to a term of two years, unanimously affirmed.
Although we find that defendant's waiver of the right to appeal was invalid, defendant's suppression motion was properly denied. Probable cause to arrest was based on the sufficiently detailed description of defendant and codefendant and location transmitted to the backup team by the "ghost" undercover officer. Although the arresting officer did not testify that he received a "positive buy" transmission as to defendant, the record supports the court's finding that under the circumstances, the arresting officer could reasonably infer that defendant as well as codefendant had been involved in the drug transaction, since "[t]here would be no other reason under these circumstances for the undercover officer to transmit a description" (see People v Fisher, 270 AD2d 90, 90-91 [1st Dept 2000], lv denied 95 NY2d 796[2000]).
Defendant's ineffective assistance of counsel claim is unreviewable on direct appeal because it involves matters not reflected in or fully explained by the record, which may not be addressed on appeal in the absence of a CPL 440.20 motion (see People v Allen, 230 AD3d 1070 [1st Dept 2024], lv denied 43 NY3d 943 [2025]). To the extent the existing record permits review, we find that defendant received effective assistance under the state and federal standards (see People v Benevento, 91 NY2d 708, 713-714 [1998]; see also Strickland v Washington, 466 US 668 [1984]).
We find that because "the record falls short of establishing conclusively the merit of the defendant's claim" that the "rift" in his relationship with counsel functionally deprived him of his right to counsel, the claimed violation can be reviewed only on a posttrial motion under CPL 440.10, not on direct appeal (see People v McLean, 15 NY3d 117, 121 [2010]). To the extent reviewable on the present record, we conclude that defendant was not denied his right to counsel at the plea proceeding. 
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: November 13, 2025