THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v WILLIAM DUDLEY, Appellant.—Appeal by defendant from a judgment of the Supreme Court, Kings County, rendered June 2, 1976, convicting him of criminal sale of a controlled substance in the third degree (two counts), criminal possession of a weapon in the third degree (two counts), criminal possession of a controlled substance in the fifth degree, criminal possession of a controlled substance in the seventh degree, defacement of a firearm and possession of a hypodermic instrument, upon a jury verdict, and imposing sentence. Judgment affirmed. The denial of the defendant's motion to compel disclosure of the confidential informant was a proper exercise of discretion. The sale of the controlled substances took place on two occasions. On March 14, 1974 the defendant sold heroin to an undercover officer, John Ali, in the vestibule of his apartment building in the presence of a confidential informant. The transaction took several minutes. On March 19, 1974 a second sale was consummated by the defendant. This time the transaction took place inside his apartment. On the latter date, Officer Ali was present along with another undercover officer and the confidential informant. This transaction took about 20 minutes. (The defendant was not present at all times.) On both occasions, the lighting was normal and the defendant was close to the undercover officer. Ali gave a detailed description of the defendant to his

back-up team after each sale. At the trial, the only eyewitness to the sale called by the prosecution was Officer Ali, although the back-up team was also called to testify to the surrounding circumstances. After the prosecution rested, the defendant moved for disclosure of the informant's identity and asked the court to determine, at an *in camera* hearing, "what testimony, if any, relevant to the identification question and other questions of fact, could come from this confidential informant." That request was not sufficient to lay the foundation required for the disclosure of the informant's identity (see *People v Goggins*, 34 NY2d 163, cert den 419 US 1012; *People v Lloyd*, 55 AD2d 171, affd 43 NY2d 686). The burden is on the defendant to demonstrate a lack of improper motive in seeking disclosure by pointing to closeness in the identification issue, weakness in the prosecution's case, or by coming forward with a credible defense (see *People v Pena*, 37 NY2d 642). The request in this case amounted to no more than fly casting on a short-lived fishing expedition, and the trial court's refusal to take the bait was a proper exercise of discretion. The defendant also contends that the court's charge concerning the statutory presumption arising out of possession of a defaced firearm was erroneous (see Penal Law, § 265.15, subd 5). The statute provides that such possession "is presumptive evidence that such person defaced the same." In charging the jury on this point the trial court stated that the presumption "may be rebutted if the defendant produces some satisfactory evidence which would negate the [presumption] it is for you, the jury, to determine whether the prosecution's witnesses and/or rebuttal evidence are to be believed, and, subsequently, to determine whether the presumption has been destroyed. Such presumption continues only until some reliable evidence is presented which overcomes it. And you may consider all of the evidence in the case, including the credibility of the prosecution's witnesses, in determining whether or not the presumption has been rebutted." Although no exception was taken at the trial the defendant now alleges that this charge improperly shifted the burden of proof to the defendant by requiring him to affirmatively rebut the presumption or suffer certain conviction. We disagree. Although the charge emphasized one manner by which the presumption may be overcome, to wit, the production of opposing evidence (cf. *People v Lemmons*, 40 NY2d 505, 510; *People v McCaleb*, 25 NY2d 394, 404), it also clearly indicated that the jury was free to accept or reject the presumption based upon all the credible evidence in the case, irrespective of whether the defendant went forward with any affirmative defense or explanation. The court's charge was substantially correct and any ambiguities should be resolved in favor of the prosecution in view of the defendant's failure to enter a timely objection. We further note that the sentences imposed were not excessive. Suozzi, J. P., Lazer, Shapiro and Cohalan, JJ., concur.