■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JAMES LAMAR, Appellant. — Judgment unanimously reversed, on the law, and a new trial granted. Memorandum: Defendant appeals from a judgment convicting him of criminal sale of a controlled substance in the third degree (Penal Law, § 220.39, subd 1). Originally sentenced to an indeterminate term of imprisonment with a maximum of life and a minimum of one year, he was resentenced to an indeterminate term with a maximum of three years and a minimum of one year (Penal Law, § 60.09). The key witness at trial for the prosecution was an undercover officer who testified that on September 9, 1975, accompanied only by an undisclosed informant, he purchased cocaine from the defendant; that the sale was transacted in a residence with only the three of them present; that he had seen the defendant numerous times before and had spoken with him; and that he believed the defendant knew the informant but not his name. Another officer testified that he, too, had observed the defendant on numerous occasions, and that he saw the three enter the residence where the transaction occurred, but did not accompany them inside to witness the event. The defendant testified that he did not participate in the transaction and had never before seen the undercover officer. Several times during trial defendant moved for disclosure of the informant's identity, all of which motions were denied. Defendant was entitled to disclosure, as his denials focused on closely contested issues of fact relevant to his innocence, which might have been resolved by disclosure of the informant's identity (*People v Goggins,* 34 NY2d 163, cert den 419 US 1012). Although a defendant's simple denial of the prosecution's evidence does not necessarily mandate disclosure, the proof here was not overwhelming, the attempt to discredit defendant's testimony was of little success and the prosecution made no attempt to show that the informant was in any danger or could not be located (*People v White,* 57 AD2d 967; *People v Law,* 48 AD2d 228, revd on other grounds 41 NY2d 307). (Appeal from judgment of Monroe County Court, Mark, J. — criminal sale controlled substance, third degree.) Present — Simons, J. P., Callahan, Denman, Moule and Schnepp, JJ.

■ In the Matter of RICHARD G. KORS, Petitioner, v HAROLD J. STILES, as Judge of Wayne County Court, Respondents. — Application unanimously denied and petition dismissed, without costs. (See *Matter of Potenza v Kane,* 79 AD2d 467.) (Article 78.) Present — Simons, J. P., Callahan, Denman, Moule and Schnepp, JJ.