■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v LEWIS GILMORE, Appellant. — Appeal by defendant from a judgment of the Supreme Court, Kings County (Golden, J.), rendered March 29, 1982, convicting him of criminal sale of a controlled substance in the third degree and criminal possession of a controlled substance in the third degree, upon a jury verdict, and imposing sentence.

Judgment affirmed.

We do not find, after reviewing the record, that the trial court abused its discretion by denying defendant's repeated requests that the confidential informant's identity be disclosed. The initial burden was upon defendant to show disclosure was necessary (*People v Pena,* 37 NY2d 642; *People v Goggins,* 34 NY2d 163, cert den 419 US 1012). He was required to demonstrate more than bare assertions or conclusory allegations that production of the informant was necessary to establish his innocence. There must be a factual basis showing that the demand does not have an improper motive or is not "merely an angling in desperation for possible weaknesses in the prosecution's investigation" (*People v Goggins, supra,* p 169).

In the instant case, there is no real question as to the ability of the undercover police officer to identify defendant as the seller. Her testimony established that she closely observed defendant for three or four minutes during the transaction and that the lighting conditions in the area were good.

As to whether the informant could have provided testimony relevant to the issue of defendant's guilt or innocence, the evidence shows that he did not participate in the buy operation at all except to make the preliminary introduction of the undercover officer to the seller. While the sale was going on, the informant moved several feet away. In fact, he had been so instructed. According to defendant's own testimony, the undercover officer was actually the one who asked whether defendant had any drugs for sale and upon discovering that he did not, indicated that she would "get this guy here", meaning defendant. This case does not involve a question of identification and defendant does not deny his presence at the time and place where the sale occurred. Where the informant's participation in the sale is minimal, there is no close question of identification and the evidence of guilt is overwhelming, the trial court may properly deny the defendant's application for disclosure (*People v Lamar,* 86 AD2d 751; *People v Martinez,* 79 AD2d 661, affd 54 NY2d 723; *People v Lozada,* 104 AD2d 663).

Nor was it an abuse of discretion for the court to deny defendant's motion to sever the fourth count of the indictment from the remaining three, even though this last count related to an incident which occurred the day following his sale of heroin to the undercover officer. Joinder of two offenses such as those involved here is authorized by CPL 200.20 (subd 2). Defense counsel failed to show cause for severance of the fourth count, as it was his burden to do (*People v Shapiro,* 50 NY2d 747, 757). His argument at the pretrial hearing was, in essence, that because the 22 glassine envelopes of heroin found in defendant's jacket

pocket on February 10, 1981, the date of defendant's arrest, had no bearing upon the quantity of heroin allegedly sold the undercover officer the previous day, the prejudice of joining the counts relating to these separate incidents outweighed any value in having them tried together. This argument must fail as nothing more than a "[c]onclusory generalit[y]" and a "mere self-serving representation" (*People v Shapiro, supra,* p 757) without proof of any real prejudice to defendant. In any event, the court did instruct the jury that they were to consider the fourth count independently of their verdict on the first three counts of the indictment.

Finally, there is no merit to defendant's argument that the prosecutor's summation was so improper under the circumstances as to require a new trial. While we recognize that the prosecutor continually vouched for the credibility of the People's witnesses and at times attacked the defense, including defendant and his counsel, it appears from the record that these remarks were in direct response to defense counsel's own objectionable comments, including his constant reference to the People's witnesses as liars and other insinuations which assailed the integrity of these witnesses. Taken in context, then, there was no prejudice by virtue of the prosecutor's summation (see *People v Lowen,* 100 AD2d 518, 520; *People v Marks,* 6 NY2d 67, 77, cert den 362 US 912). Moreover, the court, which acted as "a saving grace" in the midst of otherwise objectionable conduct by counsel for both sides (*People v Galloway,* 54 NY2d 396, 399), sustained all proper objections and promptly cured the errors with instructions to the jury. Thus, defendant was not deprived of a fair trial.

We have reviewed defendant's other contentions and find them to be without merit. Thompson, J. P., O'Connor, Boyers and Lawrence, JJ., concur.