■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v HELEN CHAVIS, Appellant.—Appeal by defendant from a judgment of the Supreme Court, Richmond County (Sangiorgio, J.), rendered April 27, 1984, convicting her of criminal sale of a controlled substance in the third degree, upon a jury verdict, and imposing sentence.

Judgment affirmed.

Accompanied by a confidential informant who arranged the sale, an undercover police officer bought a quantity of heroin from defendant on the grounds of the Staten Island Developmental Center where defendant worked. Defendant conceded that she was at work at the center at the time of the sale but denied selling the drugs. At trial, defendant moved for disclo-

sure of the informant's identity based on her assertion that, if called, the informant would identify her as not being the seller. The motion was properly denied since defendant's conclusory allegation, unsupported by any facts, was insufficient to sustain her burden of showing necessity for disclosure *(see, People v Goggins,* 34 NY2d 163, *cert denied* 419 US 1012; *People v Gilmore,* 106 AD2d 399). The undercover officer spent approximately 20 minutes with defendant at the time of the sale, he conversed briefly with her on two subsequent occasions, and he identified her at a confirmatory showup after her arrest. There was, therefore, no real issue as to his identification of defendant. "Where the informant's participation in the sale is minimal, there is no close question of identification and the evidence of guilt is overwhelming, the trial court may properly deny the defendant's application for disclosure" *(People v Gilmore, supra,* at p 400).

Defendant's other contentions have not been preserved for appellate review (CPL 470.05 [2]). Mollen, P. J., Bracken, Brown and Rubin, JJ., concur.