■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v STEVEN MINOR, Appellant.—Appeal by the defendant from a judgment of the County Court, Westchester County (Intermann, J.), rendered October 11, 1984, convicting him of criminal sale of a controlled substance in the third degree (two counts), upon a jury verdict, and imposing sentence.

Judgment affirmed.

The instant conviction arose out of the defendant's sale of heroin to an undercover police officer on two separate occasions. An informant whose identity was known to the defendant was employed by the police to arrange the first of these transactions. At trial, the defendant requested a missing witness charge because the People did not call the informant to testify, but his request was denied. The defendant now contends that the denial of his request was erroneous. We disagree.

The record reveals that the police were unaware of the informant's whereabouts at the time of trial despite their efforts to locate him. Moreover, it was established that the informant had not worked with the authorities for more than a year prior to trial. Under such circumstances, the defendant was not entitled to a missing witness charge, as there was no evidence that the informant was under the control of the prosecution (see, People v Watkins, 67 AD2d 717; cf. People v Tayeh, 96 AD2d 1045), and his role in the drug transaction was extremely minimal (cf. People v Santiago, 44 NY2d 924; People v Gilmore, 106 AD2d 399). Additionally, we note that although the defendant knew the identity of the informer, he made no attempt to locate him at any time (see generally, People v Almodovar, 62 NY2d 126; People v Buckler, 39 NY2d 895; People v Baldo, 107 AD2d 751).

We further reject the defendant's contention that he was denied a fair trial by certain allegedly prejudicial statements made by the prosecutor during summation. The remarks complained of were responsive to similar remarks contained in the defense summation *(see, People v Gilmore, supra; People v Lowen,* 100 AD2d 518), and any potential prejudice to the defendant was minimized by a specific curative instruction from the trial court *(see, People v Williams,* 46 NY2d 1070; *People v Baldo, supra).*

Moreover, we decline to disturb the sentence imposed upon the defendant, as it was within the bounds of both the applicable sentencing statute and the court's sound discretion *(see, People v Farrar,* 52 NY2d 302; *People v Suitte,* 90 AD2d 80). We have considered the defendant's remaining contentions and find them either to be unpreserved for appellate review or without merit. Rubin, J. P., Lawrence, Eiber and Spatt, JJ., concur.