■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ROGER COLE, Appellant. [637 NYS2d 794] —Appeal by the defendant from a judgment of the Supreme Court, Kings County (Marrus, J.), rendered July 7, 1992, convicting him of criminal sale of a controlled substance in the first degree (five counts) and criminal sale of a firearm in the second degree, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing, of that branch of the defendant's omnibus motion which was to suppress evidence obtained as a result of an eavesdropping warrant.

Ordered that the judgment is affirmed.

The defendant was convicted of selling a large quantity of cocaine and a 9 millimeter semi-automatic handgun to an undercover police officer over the course of a long-term drug buying operation.

The court did not deny the defendant an opportunity to establish his defense of entrapment by, *inter alia,* refusing to compel disclosure at trial of the identity of a confidential informant. Here, the sole role of the informant was to introduce the undercover police officer to the defendant as a drug seller. Accordingly, the informant neither witnessed nor was a participant in any of the defendant's crimes and her testimony had no bearing on his guilt or innocence (*see, People v Goggins,* 34 NY2d 163, 170, *cert denied* 419 US 1012). More-

over, due to her marginal contact with the case, it could not be said that she was " 'an active participant in setting the stage' " *(People v Goggins, supra,* at 170, quoting *Gilmore v United States,* 265 F2d 565, 567). In any event, the defendant claimed at trial that he already knew the identity of the informant because she had admitted her identity to him. Indeed, at one point, the defendant stated that he would subpoena her to testify. Further, the defendant's own trial testimony failed to establish the defense of entrapment. In order to establish the defense of entrapment, the defendant must prove, by a preponderance of the evidence, that he was actively induced or encouraged to commit the charged crime by the police or someone acting in cooperation with the police, and that he was not predisposed to committing the crime *(see,* Penal Law § 40.05). Here, the defendant's testimony did not in any way indicate that any form of pressure was brought to bear upon him by the informant to make the sales. Indeed, as noted previously, the informant was not even present after the initial introduction was made. Moreover, the evidence clearly showed the defendant's predisposition to sell drugs.

The defendant's sentence was neither harsh nor excessive *(see, People v Delgado,* 80 NY2d 780; *People v Suitte,* 90 AD2d 80).

The defendant's remaining contentions, including those raised in his supplemental *pro se* brief, are either unpreserved for appellate review or without merit. Rosenblatt, J. P., Ritter, Hart and Krausman, JJ., concur.