■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v BEKIM NUREDINOSKI, Appellant. [655 NYS2d 540] —Appeals by the defendant from two judgments of the Supreme Court, Queens County (Kohm, J.), both rendered May 4, 1995, convicting him of criminal sale of a controlled substance in the second degree and criminal possession of a controlled substance in the third degree under Indictment No. QN11915/94, and criminal sale of a controlled substance in the third degree and criminal possession of a controlled substance in the fourth degree under Indictment No. QN11489/94, upon a jury verdict, and imposing sentences.

Ordered that the judgments are affirmed.

The defendant failed to establish his entitlement to the disclosure of the identity of the confidential informant, inasmuch as the testimony adduced by the prosecution fully disclosed the identities of the participants and witnesses at the drug sales for which the defendant was convicted (*see*, *Roviaro v United States*, 353 US 53). Although we do not approve the procedure used by the court, we are fully satisfied that in the case before us the identity of the confidential informant in no way relates to the question of the defendant's guilt or innocence or of the identification of the defendant (*cf.*, *People v Goggins*, 34 NY2d 163, *cert denied* 419 US 1012; *People v Chavis*, 113 AD2d 896; *People v Gilmore*, 106 AD2d 399).

The sentence imposed was not excessive (*see*, *People v Suitte*, 90 AD2d 80).

The defendant's remaining contentions are either unpreserved for appellate review or are without merit. Rosenblatt, J. P., Miller, Ritter and Goldstein, JJ., concur.