■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RICHARD MORENO, Appellant. [709 NYS2d 835] —Appeal by the defendant from a judgment of the Supreme Court, Kings County (Marrero, J.), rendered April 17, 1997, convicting him of criminal possession of a controlled substance in the first degree and criminal possession of a controlled substance in the third degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

Contrary to the defendant's contentions, the court properly refused to direct the People to disclose the identity of the confidential informant and produce him for questioning. The issue of identification was not a close one and the testimony of the confidential informant would not have been relevant to guilt or innocence (*see, People v Pena,* 37 NY2d 642; *People v Goggins,* 34 NY2d 163, 170; *People v Dudley,* 69 AD2d 888, 889).

The defendant's remaining contentions are without merit. Sullivan, J. P., McGinity, H. Miller and Smith, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v TITO ORTIZ, Appellant. [709 NYS2d 837] —Appeal by the defendant from a judgment of the Supreme Court, Queens County (Rios, J.), dated June 17, 1998, convicting him of criminal possession of a controlled substance in the first degree, upon his plea of guilty, and imposing sentence.

Ordered that the judgment is affirmed.

The Supreme Court providently exercised its discretion in denying the defendant's motion to vacate his plea of guilty (*see,* CPL 220.60 [3]). The defendant's contention that he was coerced into entering the plea is belied by the record of the plea proceeding (*see, People v Charles,* 256 AD2d 472).

There is no merit to the defendant's additional contention that he was denied the effective assistance of counsel (*see, People v Ford,* 86 NY2d 397, 404). Mangano, P. J., Santucci, Krausman, Florio and Schmidt, JJ., concur.