■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DERRICK MOULTRIE, Appellant. [773 NYS2d 287]—

Judgment, Supreme Court, New York County (William Wetzel, J.), rendered May 20, 2002, as amended June 18, 2002, convicting defendant, after a jury trial, of conspiracy in the fourth degree (four counts), attempted intimidating a victim or witness in the first degree, attempted burglary in the second degree, attempted assault in the second degree, criminal sale of a controlled substance in the third degree (two counts) and criminal possession of a controlled substance in the fourth degree, and sentencing him, as a second felony offender, to an aggregate term of six years, unanimously affirmed.

The court properly refused defendant's request to charge various lesser included offenses requiring intent to cause physical injury rather than serious physical injury. There was no reasonable view of the evidence that defendant and codefendant's plan to beat their intended victim to the point of prolonged unconsciousness in order to plant contraband on his person that would be discovered when he was in the hospital evinced anything but an intent to cause serious physical injury (*see People v Abreu,* 283 AD2d 194 [2001], *lv denied* 96 NY2d 898 [2001]; *see also*

*People v Caban,* 306 AD2d 141 [2003], *lv denied* 100 NY2d 618 [2003]).

The court also properly denied defendant's request for a missing witness charge as to a confidential informant. The People established that the informant was no longer under their control (*see People v Delacruz,* 276 AD2d 387 [2000], *lv denied* 96 NY2d 758 [2001]; *People v Watkins,* 67 AD2d 717 [1979]), as well as that he was unavailable despite reasonably diligent efforts (*compare People v Robertson,* 205 AD2d 243, 246 [1994], *lv denied* 85 NY2d 913 [1995]).

Nor did the court err in refusing defendant's request to charge the affirmative defense of entrapment. There was no reasonable view of the evidence that this defendant was actively induced to engage in criminal activity, rather than merely being afforded an opportunity to do so (*see* Penal Law § 40.05; *People v Brown,* 82 NY2d 869, 871-872 [1993]). Concur—Nardelli, J.P., Sullivan, Lerner and Gonzalez, JJ.