THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v HENRY VEGA, Appellant. [805 NYS2d 567]—

Appeal by the defendant from a judgment of the Supreme Court, Queens County (Eng, J.), rendered January 8, 2001, convicting him of criminal sale of a controlled substance in the first degree (four counts), criminal possession of a controlled substance in the first degree (four counts), and criminal possession of a controlled substance in the third degree (four counts), upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

Contrary to the defendant's contention, the Supreme Court properly refused to charge the jury on the affirmative defense of entrapment, since no reasonable view of the evidence could lead

to the conclusion that the defendant was actively induced or encouraged to sell the drugs at issue or that he had no predisposition to do so (*see* Penal Law § 40.05; *People v Butts,* 72 NY2d 746 [1988]; *People v Alwadish,* 67 NY2d 973 [1986]; *People v Arias,* 303 AD2d 592 [2003]; *People v Vina,* 193 AD2d 770 [1993]; *People v Pilgrim,* 154 AD2d 407, 409 [1989]). The testimony of the undercover officers demonstrated that they merely afforded the defendant an opportunity to commit the offenses which, standing alone, was insufficient to warrant an entrapment charge (*see People v Brown,* 82 NY2d 869, 871-872 [1993]; *People v Moultrie,* 5 AD3d 241, 242 [2004]; *People v Delaney,* 309 AD2d 968 [2003]).

Further, the Supreme Court did not deny the defendant an opportunity to establish his defense of entrapment by refusing to produce or compel disclosure of the confidential informant's identity at trial. Here, the sole role of the informant was to introduce the undercover police officer to the defendant (*see People v Sevencan,* 258 AD2d 485, 486 [1999]). Accordingly, the informant neither witnessed nor was a participant in any of the defendant's crimes, and his testimony had no bearing on the defendant's guilt or innocence (*see People v Goggins,* 34 NY2d 163, 170 [1974]; *People v Moreno,* 273 AD2d 257 [2000]; *People v Cole,* 224 AD2d 540, 541 [1996]). Moreover, "[w]here the informant's participation in the sale is minimal, there is no close question of identification and the evidence of guilt is overwhelming, the trial court may properly deny the defendant's application for disclosure" (*People v Chavis,* 113 AD2d 896, 897 [1985] [internal quotation marks omitted]; *see People v Gilmore,* 106 AD2d 399 [1984]).

The defendant's remaining contention is without merit. Florio, J.P., Goldstein, Fisher and Covello, JJ., concur.