■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v LATROY D. PATE, Appellant. [860 NYS2d 318]—

Kane, J. Appeal from a judgment of the County Court of Chemung County (Hayden, J.), rendered March 8, 2007, convicting defendant upon his plea of guilty of the crime of criminal possession of a controlled substance in the fourth degree.

In November 2005, a police officer encountered defendant in the course of a domestic disturbance call. After concluding that the situation was under control and checking to make sure that defendant did not have any outstanding warrants, the officer advised defendant to leave the premises. Defendant drove away. The officer then ran a check of defendant's license and determined that it was suspended. As a result, the officer filed an information alleging aggravated unlicensed operation of a

motor vehicle in the third degree, leading to an arrest warrant being issued for defendant.

About six weeks later, the same officer recognized that a radio transmission concerned the vehicle which defendant had previously been driving. The officer responded to the area, pulled the vehicle over, requested defendant's identification and arrested him. During a search of defendant incident to the arrest, the officer discovered crack cocaine.

After he was indicted on one count each of criminal possession of a controlled substance in the third and fourth degrees, defendant moved for a *Mapp* hearing, a *Huntley* hearing, dismissal of the indictment, and suppression of his statements to police and all evidence seized from his person. County Court denied his request for a *Mapp* hearing, reduced one count of the indictment, held a *Huntley* hearing, denied suppression of physical evidence and suppressed some of his oral statements. Pursuant to a plea agreement, defendant pleaded guilty to the charge of criminal possession of a controlled substance in the fourth degree and received the agreed-upon sentence of two years in prison followed by two years of postrelease supervision. He now appeals.

Defendant contends that he was entitled to a *Mapp* hearing. When considering defendant's motion to suppress the physical evidence, County Court was in possession of the information charging aggravated unlicensed operation of a motor vehicle, the arrest warrant on that charge and defense counsel's affidavit. Based on these documents, there was no factual dispute requiring a hearing (*see People v Long*, 8 NY3d 1014, 1015 [2007]; *People v Davis*, 45 AD3d 1039, 1041 [2007], *lv denied* 10 NY3d 763 [2008]). Thus, the court did not err in denying the request for a hearing and rendering a decision based upon the submitted papers.

Defendant's main contention is that the drug evidence must be suppressed because the police illegally conducted the search resulting in its seizure. Specifically, defendant alleges the invalidity of the information charging aggravated unlicensed operation and the subsequently issued arrest warrant which led to the arrest and incidental search, and that no probable cause existed to stop the vehicle. Because the officer had reasonable cause to stop the vehicle and arrest defendant, we need not address the validity of the information or arrest warrant.

The arresting officer knew that, six weeks prior to the stop at issue, defendant had driven the same vehicle while his driver's license was suspended. This knowledge gave the officer reasonable cause to stop the vehicle. Having personally observed de-

fendant committing an offense in his presence—namely seeing defendant drive a vehicle in November 2005 when his license was suspended (*see* Vehicle and Traffic Law § 509 [1]; § 511 [1] [a])—the officer was authorized to arrest defendant without a warrant (*see* CPL 140.10 [1]). As the arrest was authorized, the search incident to the arrest was permissible and any evidence recovered was properly seized (*see People v Canal*, 24 AD3d 1034, 1035 [2005], *lv denied* 6 NY3d 846 [2006]). Hence, County Court's suppression rulings were correct.

County Court did not abuse its discretion by imposing the agreed-upon sentence, which was in the middle of the permissible sentencing range (*see People v Pryce*, 36 AD3d 1165, 1165 [2007]).

Cardona, P.J., Peters, Carpinello and Stein, JJ., concur. Ordered that the judgment is affirmed.