■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOSE GARCIA, Appellant. [885 NYS2d 771]—

Appeal by the defendant from a judgment of the County Court, Orange County (Rosenwasser, J.), rendered April 14, 2005, convicting him of criminal sale of a controlled substance in the first degree, criminal sale of a controlled substance in the second degree, criminal possession of a controlled substance in the second degree, and criminal possession of a controlled

substance in the third degree (two counts), upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant's contention that his right to be present at all material stages of the trial (*see generally People v Antommarchi,* 80 NY2d 247 [1992]) was violated when the County Court held a sidebar discussion with prospective jurors out of his presence is without merit. "[T]he determination that a prospective juror was disqualified before voir dire was a matter for the court and defendant had no statutory or constitutional right to personally participate in the discussions leading to the court's ruling" (*People v Velasco,* 77 NY2d 469, 473 [1991]; *see People v Miles,* 58 AD3d 872 [2009]).

The trial court properly declined the defendant's request to charge the jury with the affirmative defense of entrapment since no reasonable view of the evidence supported that defense (*see* Penal Law § 40.05; *People v Butts,* 72 NY2d 746, 750 [1988]; *People v Santos,* 38 AD3d 574, 575 [2007], *cert denied* 552 US —, 128 S Ct 399 [2007]; *People v Skervin,* 17 AD3d 771, 771-772 [2005]). Rather, the evidence demonstrated that an undercover detective merely afforded the defendant the opportunity to commit the offenses, which, standing alone, was insufficient to warrant an entrapment charge (*see People v Brown,* 82 NY2d 869, 871-872 [1993]; *People v Vega,* 23 AD3d 504, 505 [2005]; *People v Moultrie,* 5 AD3d 241, 242 [2004]; *People v Delaney,* 309 AD2d 968 [2003]).

Moreover, where, as here, the confidential informant's participation was minimal, there was no close question at trial as to identification, and the evidence of guilt was overwhelming, the trial court properly denied the defendant's application for disclosure of the informant's identity (*see People v Vega,* 23 AD3d at 505; *People v Chavis,* 113 AD2d 896, 897 [1985]; *People v Gilmore,* 106 AD2d 399 [1984]), and for a missing witness charge (*see generally People v Gonzalez,* 68 NY2d 424 [1986]).

The defendant's contention that he was deprived of a fair trial by certain comments the prosecutor made on summation is unpreserved for appellate review, as the defendant failed to object to the challenged comments (*see* CPL 470.05 [2]). In any event, the challenged comments constituted fair comment on the evidence and fair response to defense counsel's summation (*see People v Galloway,* 54 NY2d 396 [1981]; *People v Lenoir,* 57 AD3d 802, 803 [2008]; *People v Crawford,* 54 AD3d 961, 962 [2008]).

Contrary to the defendant's contention, he received the effective assistance of counsel (*see People v Benevento,* 91 NY2d 708, 713-714 [1998]; *People v Baldi,* 54 NY2d 137, 146-147 [1981]).

The defendant failed to preserve for appellate review his contention that the sentence imposed by the County Court improperly penalized him for exercising his right to a jury trial, because he did not set forth the issue on the record at the time of sentencing (*see People v Hurley,* 75 NY2d 887, 888 [1990]; *People v Smith,* 49 AD3d 904, 906 [2008]; *People v Gillian,* 28 AD3d 577 [2006]; *People v Chapero,* 23 AD3d 492, 493 [2005]). In any event, the fact that the sentence imposed after trial was greater than the sentence offered during plea negotiations is no indication that the defendant was punished for asserting his right to proceed to trial (*see People v Pena,* 50 NY2d 400, 411 [1980]; *People v Smith,* 49 AD3d at 906; *People v Davis,* 27 AD3d 761, 762 [2006]). Moreover, the sentence imposed was not excessive (*see People v Suitte,* 90 AD2d 80 [1982]).

The defendant's contention raised in point five of his brief is without merit. The defendant's remaining contention, raised in point seven of his brief, is unpreserved for appellate review and, in any event, is without merit. Mastro, J.P., Balkin, Dickerson and Lott, JJ., concur.