People v Reeder (2022 NY Slip Op 02924)

People v Reeder

2022 NY Slip Op 02924

Decided on April 29, 2022

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on April 29, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: SMITH, J.P., CENTRA, PERADOTTO, NEMOYER, AND BANNISTER, JJ.

416 KA 19-02347

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
RYAN J. REEDER, DEFENDANT-APPELLANT. 

CHARLES J. GREENBERG, AMHERST, FOR DEFENDANT-APPELLANT.
MARK S. SINKIEWICZ, DISTRICT ATTORNEY, WATERLOO, FOR RESPONDENT. 

 Appeal from a judgment of the Seneca County Court (Richard M. Healy, A.J.), rendered November 16, 2018. The judgment convicted defendant upon a nonjury verdict of criminal possession of a controlled substance in the seventh degree. 
It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.
Memorandum: Defendant appeals from a judgment convicting him upon a nonjury verdict of criminal possession of a controlled substance in the seventh degree (Penal Law § 220.03). Defendant contends that County Court erred in refusing to suppress the drugs seized following the stop of the vehicle in which defendant was a passenger. We reject that contention. An automobile stop is lawful "when based on a reasonable suspicion that the driver or occupants of the vehicle have committed, are committing, or are about to commit a crime" (People v Hinshaw, 35 NY3d 427, 430 [2020]). The evidence at the suppression hearing established that the police had observed defendant engaging in drug transactions and had prepared a felony complaint against him. When the police observed defendant in the subject vehicle the following month, they had reasonable suspicion that he had committed a crime and thus the stop was lawful (see People v Pate, 52 AD3d 1118, 1118-1119 [3d Dept 2008], lv denied 11 NY3d 740 [2008]).
Defendant further contends that the verdict is against the weight of the evidence because the police, through a confidential informant, entrapped him into possessing the drugs. We note that defendant did not raise a defense of entrapment before the court (see People v Santana, 70 AD3d 448, 449 [1st Dept 2010], lv denied 14 NY3d 844 [2010]; People v Rivera, 47 AD3d 515, 516 [1st Dept 2008], lv denied 10 NY3d 815 [2008]; see also People v Douglas, 17 AD3d 380, 381 [2d Dept 2005]). The affirmative defense of entrapment, which must be proven by a defendant by a preponderance of the evidence (see Penal Law §§ 25.00 [2]; 40.05), requires a defendant "to demonstrate that: (1) he [or she] was actively induced or encouraged to commit the offense by a public official; and (2) such inducement or encouragement created a 'substantial risk' that the offense would be committed by defendant who was not otherwise disposed to commit it" (People v Brown, 82 NY2d 869, 871 [1993]; see § 40.05; People v Vickers, 168 AD3d 1268, 1273 [3d Dept 2019], lv denied 33 NY3d 1036 [2019]). Viewing the evidence in light of the elements of the crime in this nonjury trial (see People v Danielson, 9 NY3d 342, 349 [2007]), we conclude that it cannot be said that the court failed to give the evidence the weight it should be accorded in rejecting any such defense (see generally People v Bleakley, 69 NY2d 490, 495 [1987]). The evidence established that the police involvement with the confidential informant on the date of the incident "merely afforded defendant an opportunity to commit the offense, which standing alone is insufficient" to establish the affirmative defense of entrapment (Brown, 82 NY2d at 872; see Vickers, 168 AD3d at 1273). Moreover, the evidence, including defendant's own testimony that he was a drug user, established that he was predisposed to possess drugs (see generally People v Castro, 299 AD2d 557, 558 [2d Dept 2002], lv denied 99 NY2d 626 [2003]; People v Cole, 224 AD2d 540, 541 [2d Dept 1996], lv denied 88 NY2d 965 [1996]).
Entered: April 29, 2022
Ann Dillon Flynn
Clerk of the Court