**People v Olivo-Feliz**

2022 NY Slip Op 34829(U)

November 16, 2022

County Court, Westchester County

Docket Number: Indictment No. 71757-22

Judge: George E. Fufidio

Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service.

This opinion is uncorrected and not selected for official publication.

COUNTY COURT: STATE OF NEW YORK
COUNTY OF WESTCHESTER
-------------------------------------------------------------------X
THE PEOPLE OF THE STATE OF NEW YORK

-against-

**FILED**

JOSE GREGORIO OLIVO-FELIZ,
PEDRO JUNIOR OLIVO-FELIZ, NOV 1 7 2022
NETALY PENA CAMILO &     TIMOTHY C. IDONI
                          COUNTY CLERK
IDANIS LORA ESPINAL     COUNTY OF WESTCHESTER

                              Defendants.
-------------------------------------------------------------------X

DECISION & ORDER
Indictment No.: 71757-22

FUFIDIO, J.

Defendant, PEDRO JUNIOR OLIVO-FELIZ, having been indicted on or about July 11, 2022 for acting in concert with the above named defendants on one count each of criminal possession of a weapon in degree (Penal Law § 265.04[2]); conspiracy in the fourth degree (Penal Law § 105.10[1]); criminal sale of a firearm in the third degree (Penal Law § 265.11[1]); criminal possession of a weapon in the third degree (Penal Law § 265.04[5][i]); criminal sale of a firearm in the second degree (Penal Law § 265.12[1]); two counts of criminal possession of a weapon in the second degree (Penal Law § 265.03[2]&[3]); two counts of criminal sale of a firearm in the first degree (Penal Law § 265.13[2]&[3]); and one count of criminal possession of a weapon (Penal Law § 265.01-b) has filed an omnibus motion which consists of a Notice of Motion, an Affirmation in Support and a Memorandum of Law. In response, the People have filed an Affirmation in Opposition together with a Memorandum of Law and the Defendant has filed a reply. Upon consideration of these papers, the stenographic transcript of the grand jury minutes this Court disposes of this motion as follows:

### A & B.  MOTION TO INSPECT AND THE GRAND JURY MINUTES AND TO DISMISS AND/OR REDUCE THE INDICTMENT

Defendant moves pursuant to CPL §§210.20(1)(b) and (c) to dismiss the indictment, or counts thereof, on the grounds that the evidence before the Grand Jury was legally insufficient and that the Grand Jury proceeding was defective within the meaning of CPL §210.35. The Court has reviewed the minutes of the proceedings before the Grand Jury.

Pursuant to CPL §190.65(1), an indictment must be supported by legally sufficient evidence which establishes that the defendant committed the offenses charged. Legally sufficient evidence is competent evidence which, if accepted as true, would establish each and every element of the offense charged and the defendant's commission thereof (CPL §70.10[1]); *People v Jennings*, 69 NY2d 103 [1986]). "In the context of a grand jury proceeding, legal sufficiency means *prima facie* proof of the crimes charged, not proof beyond a reasonable doubt." *People v Bello*, 92 NY2d 523 (1998); *People v Ackies*, 79 AD3d 1050 (2nd Dept 2010). In rendering a determination, "[t]he reviewing court's inquiry is limited to whether the facts, if proven, and the inferences that logically flow from those facts supply proof of each element of

1

the charged crimes and whether the grand jury could rationally have drawn the inference of guilt." *Bello, supra*, quoting *People v Boampong*, 57 AD3d 794 (2nd Dept 2008-- internal quotations omitted). A review of the minutes reveals that the evidence presented, if accepted as true, would be legally sufficient to establish every element of the offenses charged (see CPL §210.30[2]). In particular, it is evident at this stage that the People have shown that the Defendant was acting with, at the very least, the Olivio-Feliz brothers in helping them perpetrate their alleged gun running scheme. Whether the People will ultimately prevail at trial is not the Court's consideration at this point. With respect to Defendant's claim that the Grand Jury proceeding was defective within the meaning of CPL §210.35, a review of the minutes supports a finding that a quorum of the grand jurors was present during the presentation of evidence and at the time the district attorney instructed the Grand Jury on the law, that the grand jurors who voted to indict heard all the "essential and critical evidence" (*see People v Collier*, 72 NY2d 298 [1988]; *People v Julius*, 300 AD2d 167 [1st Dept 2002], *lv den* 99 NY2d 655 [2003]). The Grand Jury was properly instructed (*see People v Calbud*, 49 NY2d 389 [1980] and *People v. Valles*, 62 NY2d 36 [1984]).

Finally, the Defendant has challenged the facial sufficiency of the indictment, so to that end, the portion of the defendant's motion requesting dismissal of the indictment for facial insufficiency under CPL 200.50(7)(a) is also denied. The indictment contains a plain and concise factual statement in each count which, without allegations of an evidentiary nature, asserts facts supporting every element of the offense charged and the defendant's commission thereof with sufficient precision as to clearly apprise the defendant of the conduct which is the subject of the indictment (CPL 200.50). In reading the language of the indictment on its own and in conjunction with all of the other evidence turned over to the Defendant prior to filing his *omnibus* motion, it is clear that the indictment charges each and every element of that crime and further meets the requirement that the defendant be given notice of the charges against him with respect to the time, place and manner in which the People allege the crimes were committed (*People v Albanese*, 45 AD3d 691 [2d Dept 2007], *People v Iannone*, 45 NY2d 589 [1978]).

In making this determination, the Court does not find that release of such portions of the Grand Jury minutes as have not already been disclosed pursuant to CPL Article 245 to the parties was necessary to assist the Court.

## C & D. DISCOVERY ORDER

Defendant's motion for discovery is granted to the extent provided for in Criminal Procedure Law Article 245 and/or already provided by the People. If any items set forth in CPL Article 245 have not already been provided to Defendant pursuant to that Article, said items are to be provided forthwith. Any party is granted leave, if required, to apply for a Protective Order in compliance with CPL Article 245, upon notice to the opposing party and any party affected by said Protective Order. The People are directed to file a Certificate of Compliance with CPL Article 245 and the instant Order upon completion of their obligations thereunder, if they have not already done so. The People's cross-motion for reciprocal discovery is likewise granted to the extent provided for in Criminal Procedure Law Article 245, and/or already provided to the People.

Further, pursuant to Administrative Order 393/19, it is:

ORDERED, that the District Attorney and the Assistant District Attorney responsible for the case, are required to make timely disclosure of information favorable to the defense as required by *Brady v Maryland*, 373 US 83 [1963]; *Giglio v United States*, 405 US 150 [1972]; *People v Geaslen*, 54 NY2d 510 [1981]; and their progeny under the United States and New York State Constitutions and by Rule 3.8(b) of the New York State Rules of Professional Conduct; and it is further

ORDERED, that the District Attorney and the Assistant District Attorney responsible for the case or, if the matter is not being prosecuted by the District Attorney, the prosecuting agency and its assigned representatives, have a duty to learn of such favorable information that is known to others acting on the government's behalf in the case, including the police, and are therefore expected to confer with investigative and prosecutorial personnel who acted in the case and to review all files which are directly related to the prosecution or investigation of this case. For purposes of this Order, favorable information can include but is not limited to:

a) Information that impeaches the credibility of a testifying prosecution witness, including

(i) benefits, promises, or inducements, express or tacit, made to a witness by a law enforcement official or law enforcement victim services agency in connection with giving testimony or cooperating in the case;

(ii) a witness's prior inconsistent statement, written or oral;

(iii) a witness's prior convictions and uncharged criminal conduct;

(iv) information that tends to sow that a witness has a motive to lie to inculpate the defendant, or a bias against the defendant or in favor of the complainant or the prosecution; and

(v) information that tends to show impairment of a witness's ability to perceive, recall, or recount relevant events, including impairment resulting from mental or physical illness or substance abuse;

b) Information that tends to exculpate, reduce the degree of an offense, or scupport a potential defense to a charged offense;

c) Information that tends to mitigate the degree of the defendant's culpability as to a charged offense, or to mitigate punishment;

d) Information that tends to undermine evidence of the defendant's identity as a perpetrator of a charged crime, such as a non-identification of the defendant by a witness to a charged crime or an identification or other evidence implicating another person in a manner that tends to cast doubt on the defendant's guilt; and

e) Information that could affect in the defendant's favor the ultimate decision on a suppression motion; and it is further

ORDERED, that the District Attorney and the Assistant District Attorney responsible for the case or any other agent prosecuting the case is hereby advised of his/her duty to disclose

3

favorable information whether or not such information is recorded in tangible form and irrespective of whether the prosecutor credits the information; and it is further

ORDERED, that the District Attorney and the Assistant District Attorney responsible for the case or any other agent responsible for the prosecution of the case is directed that favorable information must be timely disclosed in accordance with the United States and New York State constitutional standards, as well as CPL Article 245. Disclosures are presumptively "timely" if they are completed no later than 30 days before commencement of trial in a felony case and 15 days before commencement of trial in a misdemeanor case. Records of a judgment of conviction or a pending criminal action ordinarily are discoverable within the time frame provided in CPL Article 245. Disclosures that pertain to a suppression hearing are presumptively "timely" if they are made no later than 15 days before the scheduled hearing date; and it is further

ORDERED, that the District Attorney and the Assistant District Attorney responsible for the case or any other agent responsible for the prosecution of the case is hereby reminded and informed that his/her obligation to disclose is a continuing one; and it further

ORDERED, notwithstanding the foregoing, that a prosecutor may apply for a protective order, which may be issued for good cause, and CPL Article 245 shall be deemed to apply, with respect to disclosures required under this Order. Moreover, the prosecutor may request a ruling from the court on the need for disclosure. Only willful and deliberate conduct will constitute a violation of this Order or be eligible to result in personal sanctions against the prosecutor; and it is further

ORDERED, that counsel for the defendant is required to:

a) confer with the defendant about his/her case and is required to keep the defendant informed about all significant developments in this case; and

b) timely communicate any and all plea offers to the defendant and to provide him/her with reasonable advice about the advantages and disadvantages of any such plea offer including the potential sentencing ranges that apply in the case;

c) where applicable, insure the defendant receives competent advise concerning immigration consequences as required under *Padilla v. Kentucky*, 559 US 356 [2010];

d) perform a reasonable investigation of the facts and the law pertinent to the case (including, as applicable, visiting the scene, interviewing witnesses, subpoenaing pertinent materials, consulting experts, inspecting exhibits, reviewing all discovery materials obtained from the prosecution, researching legal issues, etc.) or, as appropriate, making a reasonable professional judgment not to investigate a particular matter;

e) comply with the requirements of the New York State Rules of Professional Conduct regarding conflicts of interest, and when appropriate, timely notify the court of a possible conflict so that an inquiry may be undertaken or a ruling made;

f) possess or acquire a reasonable knowledge and familiarity with criminal procedural and evidentiary law to ensure constitutionally effective representation in the case; and

4

g) in accordance with statute, provide notices as specified in CPL sections 250.10, 250.20 and 250.30 (e.g., a demand, intent to introduce the evidence, etc.) as to the defendant's demand for exculpatory material, the People have acknowledged their continuing duty to disclose exculpatory material at the earliest possible date upon its discovery (*see, Brady v Maryland*, 373 US 83 [1963]; *Giglio v United States*, 405 US 150 [1972]). In the event that the People are, or become, aware of any material which is arguably exculpatory and they are not willing to consent to its disclosure to the defendant, they are directed to immediately disclose such material to the court to permit an *in camera* inspection and determination as to whether the material must be disclosed to the defendant. Similarly, the People acknowledge their *Rosario* obligations and understand that such material is required to be disclosed to the extent required under CPL article 245.

## E. MOTION FOR *SANDOVAL/VENTIMIGLIA/MOLINEUX* HEARING

Granted, solely to the extent that *Sandoval/Ventimiglia/Molineux* hearings, as the case may be, shall be held immediately prior to trial, as follows:

I. Pursuant to CPL §245.20, the People must notify the Defendant, not less than fifteen days prior to the first scheduled date for trial, of all specific instances of Defendant's uncharged misconduct and criminal acts of which the People have knowledge and which the People intend to use at trial for purposes of impeaching the credibility of the Defendant, or as substantive proof of any material issue in the case, designating, as the case may be for each act or acts, the intended use (impeachment or substantive proof) for which the act or acts will be offered; and

II. Defendant, at the ordered hearing, must then sustain his burden of informing the Court of the prior misconduct which might unfairly affect him as a witness in his own behalf (*see, People v. Malphurs*, 111 AD2d 266 [2nd Dept. 1985]).

## F. MOTION TO STRIKE ALIBI NOTICE

The Defendant's motion to strike the alibi notice is denied. Contrary to the Defendant's contentions, it is well-settled that CPL 250.00 is indeed in compliance with the constitutional requirements (*see People v Dawson*, 185 AD2d 854 [2d Dept 1992]; *People v Cruz*, 176 AD2d 751 [2d Dept 1991]; *People v Gill*, 164 AD2d 867 [2d Dept 1990]) and provides equality in the required disclosure (*People v Peterson*, 96 AD2d 871 [2d Dept 1983]; *see generally Wardius v Oregon*, 412 US 470 [1973]).

## G. MOTION FOR A BILL OF PARTICULARS

The Defendant's motion for a Bill of Particulars is denied. The Defendant has never requested one per CPL 200.95[2] and to the extent that the motion for one is such a request, it is untimely (CPL 200.95[3]). In any event, given the amount of discovery that is provided under CPL Article 245, the Defendant has ample information around which to construct his defense (CPL 200.95[5]).

## H. <u>MOTION FOR THE DISCLOSURE OF INFORMANTS</u>

The Defendant's motion for the disclosure of any informants used in this case is denied. The disclosure of informants is only required when the question of a defendant's guilt or innocence turns on an informants testimony (*People v Goggins*, 34 NY2d 163 [1974]). The Defendant has not made any showing that an informant was used in this case, much less the requisite showing that an informant's testimony would have any bearing on his guilt or innocence (*id.*). Moreover, disclosure would not be required even if an informant had been instrumental in making the introduction between the defendant and law enforcement (*People v Vega*, 23 AD3d 504 [2nd Dept. 2005]).

## I. <u>MOTION FOR SEVERANCE</u>

The defendant moves for a severance from his co-defendants. The defendant and his co-defendants, who are alleged to have acted in concert, are properly joined in the same indictment (see, CPL §200.40 [1]). Where the proof against defendants is supplied by the same evidence, "only the most cogent reasons warrant a severance." (*see, People v. Bornholdt*, 33 NY2d 75, 87, *cert. denied* 416 US 95; *see also, People v. Kevin Watts*, 159 AD2d 740). Further, public policy strongly " favors joinder, because it expedites the judicial process, reduces court congestion, and avoids the necessity of recalling witness . . . " (*People v. Mahboubian*, 74 NY2d 174, 183).

Nevertheless, for good cause shown, such as the fact that a defendant will be "unduly prejudiced by a joint trial", a defendant may be entitled to a severance from his co-defendant (see, CPL §200.40 [1]). In order to fairly evaluate whether the defendant will or will not be unduly prejudiced by a joint trial, decisions must first be rendered regarding the admissibility of any statement by the defendant's co-defendant as well as, if admissible, whether any such statement can be redacted. Further, consideration must be given as to whether the co-defendant intends to testify and whether the co-defendant's defense is antagonistic to the that of the within defendant.

Accordingly, as the court is yet to reach and resolve the above addressed matters, the defendant's motion for a severance is denied as premature with leave to renew and for the defendant to demonstrate, after the above matters have been resolved, that a joint trial will result in unfair prejudice to him and substantially impair his defense.

## J. <u>MOTION RESERVING THE RIGHT TO FILE ADDITIONAL MOTIONS</u>

Defendant's motion reserving the right to file additional motions is denied. Should the Defendant file any other motions that were not raised in his *Omnibus* motion, then they will need to be in compliance with CPL 255.20(3).

## K. <u>MOTION TO SUPPRESS PHYSICAL EVIDENCE</u>

The Court grants the Defendant's motion solely to the extent that *Mapp* and *Dunaway* hearings are directed to be held prior to trial to determine the propriety of any search resulting in the seizure of property (*see, Mapp v Ohio*, 367 US 643 [1961]) and whether any evidence was obtained in violation of the defendant's Fourth Amendment rights (*see, Dunaway v New York*, 442 US 200 [1979]).

[* 6]

In so far as the Defendant has moved to controvert the search warrants used to search his phone and apartment and assuming arguendo that he even has standing to challenge any other search conducted by a warrant, the Court has reviewed every warrant application associated with this case and upon its review of the four corners of each of the search warrant affidavits and orders, the court finds that all of the warrants were adequately supported by probable cause to believe that evidence in each of the locations and items that were searched could tend to show that the offense was committed and that the defendants were the ones who committed them (*see People v Keves*, 291 AD2d 571 [2d Dept 2002]; *see generally People v Badilla*, 130 AD3d 744 [2d Dept 2015]; *People v Elysee*, 49 AD3d 33 [2d Dept 2007]).

## L. MOTION TO SUPPRESS STATEMENTS

The Defendant had initially not filed a motion to suppress the statements he made to the police that were the subject of a CPL 710.30 notice, claiming that he had never received a notice. The Court's file and the Prosecutor's files both indicated that CPL 710.30 notices had been served. Though, in his reply, he maintained his position that they were never received, the People obtained the arraignment minutes wherein counsel acknowledged receipt of CPL 710.30 notices when they were turned over by the prosecutor. The People, *sua sponte*, consented to a *Huntley* hearing and the Court orders a *Huntley* hearing which shall be held prior to trial to determine whether any statements allegedly made by the Defendant, which have been noticed by the People pursuant to CPL 710.30 (1)(a) were involuntarily made by the Defendant within the meaning of CPL 60.45 (*see* CPL 710.20 (3); CPL 710.60 [3][b]; *People v Weaver*, 49 NY2d 1012 [1980]), obtained in violation of Defendant's Sixth Amendment right to counsel, and/or obtained in violation of the Defendant's Fourth Amendment rights (*see Dunaway v New York*, 442 US 200 [1979]).

## M. MOTION TO SUPPRESS IDENTIFICATION TESTIMONY
## CPL ARTICLE 710

Similar to POINT L, *supra*, the Defendant had initially not filed a motion to suppress identification testimony based on police arranged identification procedures that were the subject of CPL 710.30 notices, claiming that he had never received the notices. As above, the Court's file and the Prosecutor's files both indicated that CPL 710.30 notices had been served. Though, in his reply, he maintained his position that they were never received, the People obtained the arraignment minutes wherein counsel acknowledged receipt of CPL 710.30 notices when they were turned over by the prosecutor. The People, again, *sua sponte,* consented to a *Wade* hearing and the Court orders a *Wade* hearing to consider whether or not the noticed identifications were unduly suggestive (*United States v Wade*, 388 US 218 [1967]). Specifically, the court shall determine whether the identifications were so improperly suggestive as to taint any in-court identification. In the event the identifications are found to be unduly suggestive, the court shall then go on to consider whether the People have proven by clear and convincing evidence that an independent source exists for such witness' proposed in-court identification.

[* 7]

The foregoing constitutes the opinion, decision and order of this Court.

Dated:     White Plains, New York
           November 16 , 2022

_____
Honorable George E. Fufidio
Westchester County Court Justice

To:

HON. MIRIAM E. ROCAH
District Attorney, Westchester County
111 Dr. Martin Luther King, Jr. Boulevard
White Plains, New York 10601
BY:
         RACHEL EHRHARDT, ESQ
         Assistant District Attorney

JAYSON A. BRUSTMAN, ESQ. /
Attorney for the Defendant
4 West Red Oak Lane
West Harrison, New York 10589

8