People v Robinson (2023 NY Slip Op 03508)

People v Robinson

2023 NY Slip Op 03508

Decided on June 29, 2023

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:June 29, 2023

112210
[*1]The People of the State of New York, Respondent,
v
James W. Robinson, Appellant.

Calendar Date:May 26, 2023

Before:Lynch, J.P., Clark, Aarons, Pritzker and Reynolds Fitzgerald, JJ.

Lisa A. Burgess, Indian Lake, for appellant.
Lorraine Diamond, District Attorney, Fonda (Ashley Meza of counsel), for respondent.

Appeal from a judgment of the County Court of Montgomery County (Traci DiMezza, J.), rendered February 11, 2020, upon a verdict convicting defendant of the crime of criminal possession of a controlled substance in the third degree (two counts).
Following a jury trial, defendant was found guilty of two counts of criminal possession of a controlled substance in the third degree. Defendant was thereafter sentenced, as a second felony drug offender, to two concurrent sentences of 12 years in prison, to be followed by three years of postrelease supervision. Defendant appeals.
Defendant's sole contention on appeal is that the imposition of the maximum sentence is harsh and excessive. In light of defendant's lengthy criminal history, which includes four prior felony convictions, including a violent felony conviction, numerous misdemeanor convictions and repeated violations of probation and parole, as well as his failure to take responsibility and his lack of remorse, we do not find the sentence imposed to be unduly harsh or severe, despite it being at the maximum of the permissible statutory range (see CPL 470.15 [6] [b]; Penal Law §§ 70.70 [3] [b] [i]; 220.16; People v Coutant, 111 AD3d 981, 983 [3d Dept 2013], lv denied 23 NY3d 1019 [2014]).
Lynch, J.P., Clark, Aarons, Pritzker and Reynolds Fitzgerald, JJ., concur.
ORDERED that the judgment is affirmed.