People v Johnson (2025 NY Slip Op 01013)

People v Johnson

2025 NY Slip Op 01013

Decided on February 20, 2025

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:February 20, 2025

107466
[*1]The People of the State of New York, Respondent,
v
Zavia L. Johnson, Appellant.

Calendar Date:January 7, 2025

Before:Clark, J.P., Reynolds Fitzgerald, Ceresia, McShan and Powers, JJ.

Michael T. Baker, Public Defender, Binghamton (Alison C. Gachter of counsel), for appellant.
Mary E. Saitta, Special Prosecutor, Binghamton, for respondent.

Powers, J.
Appeal from a judgment of the County Court of Broome County (Joseph Cawley, J.), rendered June 13, 2013, convicting defendant upon his plea of guilty of the crimes of criminal possession of a controlled substance in the second degree, criminal possession of a controlled substance in the third degree and aggravated unlicensed operation of a motor vehicle in the third degree and the traffic infraction of speeding.
In May 2011, a state trooper observed a vehicle exceeding the posted speed limit on Interstate 81 and a traffic stop was initiated in the Town of Kirkwood, Broome County. During this stop, it was discovered that defendant was driving without a valid license, leading to his arrest. The rental vehicle defendant was driving was impounded and an inventory search was conducted pursuant to the New York State Police inventory search policy. Based upon the results of this search, defendant was charged by indictment with criminal possession of a controlled substance in the second degree, criminal possession of a controlled substance in the third degree, aggravated unlicensed operation of a motor vehicle in the third degree and the traffic infraction of speeding. Following an unsuccessful motion to suppress, defendant pleaded guilty to the indictment. After a similarly unsuccessful motion to withdraw his plea, defendant was subsequently sentenced, as a second felony drug offender, to a prison term of 14 years, to be followed by five years of postrelease supervision, on the conviction of criminal possession of a controlled substance in the second degree, a concurrent term of 10 years, to be followed by three years of postrelease supervision, on the conviction of criminal possession of a controlled substance in the third degree and certain concurrent terms of conditional discharge on the remaining counts. Defendant appeals.
We see no merit in defendant's claim that County Court erred in denying his motion to suppress the results of the inventory search. Defendant does not challenge the basis of the stop itself or that he was driving without a valid license. Instead, he argues that the trooper was not required to arrest him under the terms of the policy and, secondly, should have afforded him the opportunity to contact another person — specifically, his wife — to retrieve the vehicle instead of impounding it. Defendant did not raise either of these specific arguments as a basis for suppression before County Court and, therefore, has failed to preserve these issues for our review (see People v Morey, 231 AD3d 1363, 1364 [3d Dept 2024]). Nevertheless, insofar as defendant's generalized assertion that the trooper did not comply with the applicable procedures can be construed as raising these contentions, we find both to be without merit.
The inventory search policy, as set forth in the Field Manual, details the specific steps to be followed when a vehicle is impounded as a result of an arrest for aggravated unlicensed operation of a motor vehicle in the [*2]first or second degree — while making no mention of aggravated unlicensed operation of a motor vehicle in the third degree. Thus, defendant's arrest does not seem to have been required under this policy. However, this in no way means that it was not permitted. "[A] police officer may arrest a person for . . . [a] crime when he or she has reasonable cause to believe that such person has committed such crime" (CPL 140.10 [1] [b]; People v De Bour, 40 NY2d 210, 223 [1976]; People v Bowes, 206 AD3d 1260, 1265 [3d Dept 2022]). In turn, a crime is defined to include either "a misdemeanor or a felony" (Penal Law § 10.00 [6]). Even assuming the trooper had the discretion in deciding whether to arrest defendant or provide him with an appearance ticket, an arrest was permitted as there was probable cause to believe that defendant had committed the misdemeanor of aggravated unlicensed operation of a motor vehicle in the third degree (see People v Foster, 153 AD3d 853, 854 [2d Dept 2017], lv denied 30 NY3d 979 [2017]; People v Pate, 52 AD3d 1118, 1119-1120 [3d Dept 2008], lv denied 11 NY3d 740 [2008]).
Nor was the seizure of the vehicle unreasonable in this case (see People v David, 41 NY3d 90, 100-101 [2023]; People v Walker, 20 NY3d 122, 125-126 [2012]; compare People v Gray, ___ AD3d ___, ___, 225 NYS3d 450, ___, 2025 NY Slip Op 00249, *3 [3d Dept 2025]). The traffic stop was initiated on a well-traveled interstate, defendant was alone in the vehicle at the time and the rental company asked that the vehicle be impounded. Furthermore, defendant informed the trooper that he was on his way to visit his wife — in whose name the vehicle was rented — in the hospital. Based upon defendant's statement, the trooper did not act unreasonably in concluding that defendant's wife was ostensibly unable to retrieve the vehicle. Inasmuch as defendant makes generalized assertions that appear to be challenging the inventory search more broadly, we find the search to have been in compliance with established procedures and not a pretext to a search for contraband (see People v Kabia, 197 AD3d 788, 789-790 [3d Dept 2021], lv denied 37 NY3d 1162 [2022]; compare People v Jones, 185 AD3d 1159, 1160-1162 [3d Dept 2020]; People v Espinoza, 174 AD3d 1062, 1064 [3d Dept 2019]).
Defendant also claims that County Court erred in failing to afford him the opportunity to withdraw his guilty plea upon the imposition of what he sees as an enhanced sentence. The record reflects that defendant was offered a plea deal pursuant to which the People would have recommended the imposition of an eight-year term of incarceration. However, because he would have been required to waive his right to appeal, defendant rejected that agreement and elected to plead guilty to the entire indictment. As part of the plea colloquy, the court specifically instructed defendant that there was no sentencing commitment and, thus, any sentence authorized by law could be imposed. Consequently, his argument in this respect [*3]is both belied by the record and devoid of merit, as the court was under no obligation to afford defendant the opportunity to withdraw his guilty plea (compare People v Lamotte, 184 AD3d 907, 908 [3d Dept 2020]). Finally, upon our review of the record and in consideration of the relevant circumstances, including defendant's lengthy criminal history which contains numerous similar charges, we do not find the sentences imposed on the controlled substances convictions to be unduly harsh or severe (see CPL 470.15 [6] [b]; People v Robinson, 217 AD3d 1269, 1269 [3d Dept 2023]).
Clark, J.P., Reynolds Fitzgerald, Ceresia and McShan, JJ., concur.
ORDERED that the judgment is affirmed.